## Commonwealth ex rel. Moszczynski *v.* Ashe, Warden.

OPINION BY MR. JUSTICE MAXEY, September 29, 1941:

This is a petition for a writ of habeas corpus. On August 5, 1929, the Court of Oyer and Terminer of Somerset County imposed the following minimum sentences (to be served consecutively) on relator after he pleaded guilty to the charges specified:

(1) No. 7 September Term, 1929, for breaking and entering with intent to commit a felony, five years.

(2) No. 8 September Term, 1929, for bank robbery and larceny, ten years.

(3) No. 46 September Term, 1929, for felonious attempt to kill, three years and six months.

The facts of the cases are as follows: The relator and other bandits broke into the Central City National Bank at night, lay in wait in the basement and shortly after the bank opened for business on June 6th, 1929, menaced the bank employees with guns and a knife, forced the cashier to open the doors of the vault and the inner-safe,

and one of the robbers, Fertak, took $4500 in cash and tossed it to relator. The burglar alarm then sounded and the bandits fled through a rear door with the currency. The cashier, James Miller, then grabbed a bank gun and went around the building to intercept them. There bandits Fertak and Wozniak exchanged shots with the cashier, both bandits being hit. Relator was then in the woods. A fourth bandit, Lucian, who had been waiting with an automobile then abandoned his confederates. Relator was apprehended several weeks later in Buffalo, N. Y.

It is immaterial, of course, that relator fired no shots as he and those who did fire shots participated in a common criminal purpose. See *Com. v. Murrano,* 276 Pa. 239. "Collusion between parties to an illegal transaction makes the act of one the act of all", per GIBSON, C. J., in *Rogers v. Hall,* 4 Watts 359. "Concert of design does not necessarily involve participation in every detail of execution": *Com. v. Strantz,* 328 Pa. 33, 42.

Relator contends "that the crimes charged in Nos. 7, 8 and 46 September Term, 1929, were part of the same continuous, unbroken transaction, namely, the robbery of a bank vault, and he could legally have been sentenced on only the most serious of these charges, that is, robbery of a bank vault, and that the additional sentences on the charges of breaking and entering a building with intent to commit a felony therein and felonious shooting are illegal."

Relator's contention must be rejected. The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are "successive steps in the same transaction" but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The "same transaction" test is valid only when "transaction" means a *single act.* When the "transaction" consists of two or more criminal acts, the fact that the two acts are "successive" does not

require the conclusion that they have merged. Two crimes *may be* successive steps in *one* crime and therefore merge, as, e. g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge. If a defendant commits a burglary and while in the burglarized dwelling he commits the crimes of rape or kidnapping, his crimes do not merge, for neither of them is necessarily involved in the other. When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both*. In the case before us, any one of the three crimes named might have been committed without any of the others being committed and consequently there was no merger of the crimes.

The crime of wilfully and maliciously breaking and entering any building with intent to commit any felony therein is completed when the felon breaks into the building either actually, or constructively by fraud, conspiracy or threats, with the intent above named.[1] Consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the crime of burglary or the crime of "breaking and entering" etc. See 9 Am. Jur. p. 254, sec. 27. Whatever felony is committed *in* the building broken into is separate and distinct from the offense of breaking and entering into that building.

In 22 C. J. Secundum, p. 424, sec. 283, it is stated: "The rule that the doctrine of double jeopardy applies only where the two prosecutions are for the same crime must be taken with this qualification, that where one crime is included in, and forms a necessary part of another and is but a different degree of the same offense, and where on a prosecution for the higher crime a con-

---

[1] See Acts of April 22, 1863, P. L. 531, sec. 2, and March 13, 1901, P. L. 49, sec. 1., 18 P.S. sec. 3042; Rolland & Johnston v. Com., 82 Pa. 306; Johnston v. Com., 85 Pa. 54; 9 Am. Jur. p. 243, sec. 7.

viction may be had for the lower, then a conviction or an acquittal of the higher will bar a prosecution for the lower, or for any crime of which the lower is an essential ingredient or element." 22 C. J. Secundum, p. 59, sec. 9, says: "The same act or group of acts may constitute two or more distinct offenses, different in kind as well as in degree, and each separate step in a transaction may be made a crime. Under such circumstances the state may elect to prosecute for either offense, or, where separate and distinct offenses are committed, the offender may be indicted for each separately. Whether a single act or series of acts constitutes two or more separate offenses is determined by whether each offense requires proof of facts additional to those involved in the other. Two or more crimes are the result of a single act or transaction when the commission of the act or the execution of the transaction brings each into existence. Separate and different acts of the same nature performed at different times generally constitute separate offenses. . . . While it has been held that felonious entry and larceny, when done at one and the same time, will not be separately punished *(Com. ex rel. Wendell v. Smith, Warden,* 123 Pa. Superior Ct. 113[2]), this rule has been held not to extend to the offenses of feloniously entering a bank with intent to steal, and compelling a bank officer, by force, threats, and menace, to open a vault where money and securities are kept with intent to steal (*Com. ex rel. Franell v. Ashe,* 134 Pa. Superior Ct. 96), nor to burglary

---

[2] In rendering this decision the Superior Court felt constrained to follow what the Supreme Court said in Commonwealth v. Birdsall, 69 Pa. 482, 485, and in Stoops v. Com., 7 S. & R. 491. What was said in each of these two cases on this point was dictum and as it is contrary to reason and the great weight of authority, it need not be followed. A person who burglarizes or feloniously breaks and enters into a house may do so for the purpose of committing larceny or some other felony. After his first felony is completed, if he then commits another felony in the house broken into, he should be and can be punished for the second felony as well as for the one immediately preceding it.

and the felonious commission of a felony involving force and personal violence immediately thereafter (*Com. ex rel. Dickson v. Ashe,* 137 Pa. Superior Ct. 220, 8 A. 2d 549)." In this last case the Superior Court held that a robbery even though it occurred at the same place and immediately after the burglary is not merged with the burglary, and that the offenses can be separately punished.

In *Com. v. Mentzer,* 162 Pa. 646, 29 A. 720, this court held that two offenses may be distinct in point of law even though they grow out of the same transaction if one embraces a different element than the other.[3] In *People v. Zimmer,* 23 Cal. App. 2d 581, 73 P. 2d 923, it was held that an accused may be convicted of two separate offenses arising out of the same transaction when each offense is stated in a separate count and when the two offenses differ in their necessary elements and one is not included in the other. In *People v. Allen,* 368 Ill. 368, 14 N. E. 2d 397, it was held that a conviction or acquittal under one charge is a bar to a prosecution for another crime growing out of the same act only where the offense for which accused was tried is but one of the degrees of the same offense for which it is later attempted to put him on trial. Persons who steal postage stamps and postal funds from a post office of the United States after having burglariously entered such post office with intent to commit a larceny therein commit two distinct offenses, which may be separately charged and punished under the provisions of the U. S.

---

[3] Justice MITCHELL said in that case: "But while as a matter of public policy each act [of embezzlement of public money] has been individualized and made to amount to the full and completed offence, the statute could not, nor has it attempted to, change the nature of the acts as possible parts of the same transaction, and where that is in fact the case, and two or more of the enumerated acts are in truth only successive steps in one appropriation or embezzlement of the same money, it would be contrary to the fundamental principles of our criminal jurisprudence to hold that they had not merged and become but one offence."

Penal Code, sec. 190 (18 U. S. C. A. sec. 313), making it a criminal offense to steal any mailbag or other property belonging to the Post Office Department, and of section 192, declaring that whoever shall forcibly break into or attempt to break into any post office with intent to commit therein any larceny or other depredation shall be punished by fine and imprisonment. *Morgan v. Devine,* 237 U. S. 632. See also *Hughes v. Com.,* 131 Ky. 502, 115 S. W. 744; *Gavieres v. U. S.,* 220 U. S. 338, and 15 Am. Jur. pp. 63, 65, sections 389, 390.

Relator cites *Com. ex rel. Shaddock v. Ashe, Warden,* 340 Pa. 286, where the indictment charged in various counts, assault and battery with intent to commit rape, aggravated assault and battery, and rape. There relator entered a plea of guilty to the indictment and was sentenced on each count, the sentences to run consecutively. We held that the sentences on the first two counts should be stricken off. It was obvious that the offenses named in the first and second counts were included in the offense named in the third count and therefore merged in it. We stated in that case: "The relator having been sentenced for the most serious crime charged in the indictment could not also be sentenced for the lesser crimes which were only constituents of the major felony."

When a statute defines certain distinct acts as crimes, the actor cannot justly complain if he is prosecuted and punished for all of them unless one of the crimes was a necessary part of the other. This relator committed in quick succession three distinct crimes not one of which was necessarily involved in any of the others. They invited and now justify the plurality of sentences imposed.

The writ is refused.