## Commonwealth *v.* Hellner, Appellant.

Argued October 1, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis F. McCabe,* for appellant.

*Raymond V. John,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY RHODES, J., January 17, 1947:

Defendant was indicted under four bills of indictment, Nos. 414, 415, 416, and 417, December Sessions, 1945, County of Philadelphia. Each indictment in a single count charged defendant with felonious entry and larceny on one of four successive dates specified in the respective indictments. Defendant pleaded guilty to each of the four bills of indictment, and the court below imposed sentences of two to four years on each bill, the sentences to run consecutively and not concurrently.

Defendant had presented to the court below a motion in arrest of judgment and a petition for leave to withdraw the pleas of guilty on bills Nos. 415, 416, and 417 on the ground that the pleas had been improvidently entered, and that the acts alleged as separate crimes constituted but one offense. The motion and the petition were refused. Appellant, on this appeal, concedes that his initial entry constituted a crime of burglary; that if separate indictments can be sustained then no error was committed in refusing permission to appellant to withdraw his plea, since he makes no denial of his acts; and that the record without testimony would not show anything to sustain a motion in arrest of judgment if the offenses are separate. The Commonwealth agrees that the disposition of the issue may be made on the present record.

The facts are admittedly as follows: Appellant, or his confederates, on November 13, 1945, removed a United States Custom padlock which sealed the warehouse of the Sam Kasser Distilling Company, in Philadelphia, Pennsylvania, entered the warehouse, and carried away sixty-four barrels of Cuban alcohol, part of a larger quantity of spirits awaiting payment of import tax. Appellant resealed the warehouse with his own padlock. He subsequently returned and made three other entries on November 14, 15, and 16, 1945, respec-

tively, and removed on each occasion an additional quantity of alcohol. The total amount taken on the four successive entries was 329 barrels and drums of alcohol, having the intrinsic value of $17,700, or the gross value after addition of import duties and alcohol tax of $312,986.66.

The Act of June 24, 1939, P. L. 872, § 901, 18 PS § 4901, defines burglary as follows: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary. . . ." [1] Originally there was no such thing in Pennsylvania as a burglary without a breaking, either actual or constructive. See *Rolland and Johnston v. Commonwealth*, 82 Pa. 306; *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 105, 21 A. 2d 920. Under section 901 of the Act of 1939 its elements now are the intent to commit a felony and the successful and effective overt act directed toward the commission of the felony by the wilful and malicious entry into a building.

Appellant's theory is that one offense was committed; that it was a continuous act constituting one transaction, one burglary. He therefore argues that the sentences on the three bills are illegal because the entries in the manner indicated constituted a continuing offense.

Appellant attempts to support his contention that the entries constituted a single continuous crime by such authorities as *Reg. v. Firth*, L. R. 1, C. C. 172, 11 Cox Cr. Cases 234; *State v. Vandewater*, 212 N. W. 339 (Iowa, 1927). In the *Firth* case, it was held that a defendant, who tapped into a gas main of the Borough of Halifax and surreptitiously withdrew gas from it over a period of several years, was chargeable with a single continuous act of larceny. In the *Vandewater*

---

[1] This section is derived from section 135 of the Act of March 31, 1860, P. L. 382, and section 2 of the Act of April 22, 1863, P. L. 531, § 2, as amended.

case, the defendant made two trips on different calendar days to remove the property stolen, and the court said (212 N. W. 339, page 342): "We have held that the stealing of several articles at the same time and in the same act from the same person constitutes but one transaction and is one act of larceny." These cases are entirely irrelevant and do not pertain to burglary. Under section 901 of the Act of 1939, whatever felony is committed in the building entered is separate and distinct from the felonious entry.[2] See *Com. ex rel. Moszczynski v. Ashe,* supra, 343 Pa. 102, 105, 21 A. 2d 920.

We recognize that where several things are taken by continuous act there may be but a single larceny. Appellant's claim to an uninterrupted continuity of action rests on the fact that he substituted his own lock for the one which he removed at the time of his original entry. The fallacy of the argument is apparent. Section 901 of the Act of 1939 relates to entry into a building with intent to commit a felony therein; the presence or absence of a lock has no bearing if the entry is felonious. Appellant's argument necessarily implies that his felonious intent was continuous beginning with the original entry. It follows that each subsequent entry was made with such intent. The entries were not "unintermittent," and each entry with felonious intent was equally a criminal infraction of the statute. The entries were separate from each other not only by the passage of time from one day to the next, but also by the fact that after each entry appellant entirely withdrew from the warehouse where the alcohol was stored, and a day

---

[2] Prior pronouncements to the contrary are no longer controlling. *Stoops v. The Commonwealth,* 7 Serg. & R. 491; *Commonwealth v. Birdsall,* 69 Pa. 482; *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810; *Commonwealth v. Doran,* 145 Pa. Superior Ct. 173, 20 A. 2d 815.

162 

later returned with the intent to feloniously take and carry away that which remained, and which had not been the subject of his previous larcenies. We are of the opinion that each entry stands upon its own facts, is separate and distinct, and constitutes the crime of burglary.

Appeals are dismissed.