Commonwealth *v.* Bova (et al., Appellant).

360

Argued November 17, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Vincent M. Casey,* with him *V. J. Rich, Michael Barletta* and *Margiotti & Casey,* for appellant.

*Perry L. Reeher,* District Attorney, with him *Gilbert E. Long,* Assistant District Attorney for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This appeal is by Sam Sams, one of the defendants who was indicted and tried upon six counts of burglary. The jury rendered a verdict of guilty on each indictment.

On May 28, 1954 after midnight, defendant met with Tony Bova, Fred Charles and two girls at a tavern in New Castle. All five went by car to the home of Bova where he changed to work clothes. They then proceeded to the scene of the crime, arriving there at 2:00 a.m., and parked their car in front of the door of the building involved in the case. Both Sams and Bova came out of the car and walked around the building. Bova entered the building and Sams returned to the car. When the police arrived, they caught Bova lying on the floor. He told them that the door was opened and he merely went in to close it.

One of the girls, Elsie Somarivia, testified that, while they were riding around, she overheard a conversation about a paper, and Shirley West, the other girl, testified that she heard them say something about their hoping that it was the right combination. There are other additional facts pertinent to the question of admissibility which we shall discuss in the opinion.

There are several legal points which defendant raises in this appeal, some more important, some less.

Was it reversible error to receive the verdict of the jury without the presence of the defendant? This ques-

tion was raised and settled in the case of *Commonwealth ex rel. Milewski v. Ashe*, 363 Pa. 596, 70 A. 2d 625, where former Chief Justice MAXEY ruled that where a defendant in a felony case is not in custody, his absence from the courtroom when the verdict is announced may be construed as a voluntary waiver on his part of his right to be present.

One of the other questions involves the selection of a jury without the presence of the defendant and the district attorney. In *Commonwealth ex rel. Hancock v. Maroney*, 177 Pa. Superior Ct. 133, 110 A. 2d 923, it was held that no prejudice resulted from defendant's absence in a non capital felony. Defendant, we note was free on bail and was represented by three able attorneys who were present while the jury was selected.

The next point brought to our attention was the comment of the district attorney to the jury that the evidence of the Commonwealth was not denied. Where there is no reference made to defendant's failure to testify, a comment like the above does not constitute reversible error. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820. Section 10 of the Act of May 23, 1887, P. L. 158 only prohibits an adverse reference to the defendant's failure to take the witness stand. The court and the district attorney can properly say to the jury (when it is true) that certain evidence of the Commonwealth is uncontradicted and undenied.

Defendant next argues that the evidence of the Commonwealth was insufficient to make out the crime of burglary, contending that there is no evidence as to what the intention of the defendants were at the time the building was entered.

Our courts have ruled that felonious intent necessary to sustain burglary may be inferred from the conduct and actions of the defendant.

What were the actions and the conduct of the defendants? They had in their possession a pinch bar and

rubberized gloves when the building was "cased" before entry, and from this and other evidence, an inference may be drawn that defendants also had the combination to a safe which they planned to open. *Commonwealth v. Ellis*, 349 Pa. 402, 37 A. 2d 504. Other evidence, not denied, also sustains an inference of an intent on the part of the defendants to steal.

During the trial, certain words called out from a second story by John Plonka, who witnessed the crime, were admitted into evidence and are set forth as other reasons that a new trial should be granted. The evidence disclosed that when the defendants parked their car in front of the building, they were observed by John Plonka who instructed his daughter to call the police while he remained at the window. After the arrival of the police, which took place about three minutes after the call, one of the officers apprehended Bova in the building and the other officer, Clark Davis, went to the parked car. It was then that Mr. Plonka cried out: "Watch the car, they're part of it too, watch the car." His calling out from the second story window may be construed as a spontaneous statement induced by the scene and the action taking place before his eyes. It was not a statement made at some time later and after some reflection and consideration. The statement was admissible as part of the res gestae. *Commonwealth v. Gardner*, 282 Pa. 458, 128 A. 87.

Defendant further complains that the court erroneously admitted other testimony of the police officer regarding a statement made by the defendant, Sam Sams, at the scene of the crime. Officer Davis testified: ". . . Mr. Sams got out of the other car and come over and said he didn't know any one was in there, he was on parole, he wouldn't get in any trouble, please don't do anything with him . . ." This statement was made voluntarily by the defendant. It was not admitted for the purpose of showing the defendant had com-

mitted another offense but as a part of the entire action, and, as such, was admissible in evidence. *Commonwealth v. Weston,* 297 Pa. 382, 147 A. 79; *Commonwealth v. Davis,* 363 Pa. 91, 69 A. 2d 123; *Rhodes v. Commonwealth,* 48 Pa. 396.

After considering all the facts and circumstances of this case, we are inclined to agree with the lower court's decision. There is sufficient evidence to establish the intention of the defendant to commit the crime of burglary. Defendant cites the case of *Commonwealth v. Ellis,* 349 Pa. 402, 37 A. 2d 504, which we do not believe is applicable to this case. The record in that case contained no evidence of an intention to commit any felonious act, nor disclosed any overt act sufficiently proximate to the crime of burglary. The record in this case, on the other hand, is clear and the evidence sufficient to support an inference that the crime of burglary was intended.

Judgment affirmed.