## Commonwealth *v.* Procopio, Appellant.

Argued December 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Myron M. Moskowitz,* for appellant.

*Sanford S. Marateck,* Assistant District Attorney, with him *H. F. Bonno,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 19, 1963:

At November Sessions 1961, the Grand Jury inquiring in and for the County of Northumberland returned

two bills of indictment against James J. Procopio, alias James Charles Procopio. Bill No. 164 charged burglary, and Bill No. 165 charged possession of burglary tools. These two bills were consolidated for trial before President Judge FORTNEY and a jury. After a two-day trial, the jury returned a verdict of guilty on Bill No. 164, and a verdict of not guilty on Bill No. 165. Motions for a new trial and in arrest of judgment were refused, and sentence was imposed. This appeal followed. The factual situation appears in the following excerpt from the opinion below:

"The evidence produced by the Commonwealth in support of the burglary indictment is to the effect that on August 21, 1961 an officer of the Mount Carmel Borough Police Force, about 3:15 A.M., was making a routine check of business places on his beat. He came to the Moose building, the first floor of which is a combination Bar, Grille and Kitchen. He looked in through a window and from the reflection of a Neon light saw a man behind the Bar whom he recognized. This man immediately made a visible signal with his arm, and the officer then saw another figure run toward the rear of the building. The officer ran to an area-way which separates the Moose building from the property immediately north thereof and leads to the rear. When the officer entered this area-way he heard glass breaking, he continued toward the sound, ran up a flight of steps which led to a porch and caught the defendant crawling out a window, wearing gloves. The officer apprehended the defendant, forced him to return to the interior of the building, whereupon the defendant stated to the officer that the reason he went into the building was because he was hungry and wanted something to eat. The defendant then reenacted for the officer the manner in which he gained entrance to the building, and stated at the same time the door was open and he just walked in.

"The officer then summoned the Chief of Police and together they took the defendant to City Hall, where he was questioned for a few minutes and then committed to a cell. The officer and the Chief then returned to the scene and made an examination of the premises. The officer upon examination of the ground below the window out of which the defendant emerged, found within six inches or a foot from the window, two screw drivers and a heavy hammer. The Chief picked up from the floor behind the Bar, a hammer and a broken dial from the safe . . .

"The Commonwealth produced testimony that further examination of the premises by the officers disclosed a window on the north side of the kitchen had a hole about the size of a quarter. The hole was located at the latch and the latch was loose. This window opened directly into the kitchen which adjoins the Bar.

"The Commonwealth also presented the testimony of Edward Coveleski, the bar-tender, who went on duty at 5 P.M., August 20, 1961 and quit at 2 A.M., August 21, 1961. This witness saw the defendant and two companions in the Grille room of the Moose building in the early evening of August 20, 1961. Further, that when he left the premises the dial was not broken off the safe, and an additional examination revealed no money was missing".

Appellant contends that the Commonwealth did not prove (1) that he wilfully and maliciously entered the Moose building, and (2) that he had the intent to commit a felony therein. In view of his acquittal on the charge of possession of burglary tools, appellant reasons (1) that he could not have wilfully and maliciously entered the Moose building because burglary tools were used to gain access thereto; and (2) that the verdict of acquittal was a finding of fact by the jury "that there was no intent to commit any felony by the

use of such tools". As stated in his brief, appellant's position is summarized as follows: "It is the contention of the defendant that there cannot be inconsistent verdicts in the case at bar. The defendant was either guilty of both charges or innocent of both charges, but cannot be guilty of one and innocent of the other".

It is settled law, contrary to appellant's theory, that inconsistency of verdicts does not warrant the reversal of a conviction. See *Commonwealth v. Kline*, 107 Pa. Superior Ct. 594, 164 A. 124. Many of the cases on this point were collated and discussed in a scholarly opinion by Judge WOODSIDE in *Commonwealth v. Parrotto*, 189 Pa. Superior Ct. 415, 150 A. 2d 396. That decision stands for the principle that an acquittal cannot be interpreted as a specific finding in relation to some of the evidence. The *Parrotto* case was subsequently held to be controlling in *Commonwealth v. Ornato*, 191 Pa. Superior Ct. 581, 159 A. 2d 223. Appellant's argument is based on the premise "that the crime of possession of burglary tools was a necessary ingredient of the crime of burglary". However, the offenses of burglary and possession of burglary tools do not merge. See *Commonwealth v. Watt*, 187 Pa. Superior Ct. 51, 142 A. 2d 423; *Commonwealth ex rel. Madden v. Ashe*, 162 Pa. Superior Ct. 39, 56 A. 2d 335; *Commonwealth v. Taylor*, 193 Pa. Superior Ct. 386, 165 A. 2d 134.

The crime of burglary is proscribed by Section 901 of The Penal Code[1] in these words: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary". The elements of the offense are the intent to commit a felony, and the successful and effective overt act directed toward the commission of the felony by the wilful and malicious entry into a building:

---

[1] Act of June 24, 1939, P. L. 872, 18 P.S. 4901.

*Commonwealth v. Hellner,* 160 Pa. Superior Ct. 158, 50 A. 2d 512. Consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the offense: *Commonwealth ex rel. Moszcznski v. Ashe,* 343 Pa. 102, 21 A. 2d 920. In the instant case, the police officer testified that he saw a man run toward the rear of the Moose building. The officer then heard glass breaking and apprehended appellant crawling out through a window. Appellant admitted that he had been in the building. Although it was August, he was wearing gloves. Subsequent investigation disclosed that a window leading into the kitchen had been opened, and that the dial of the safe had been broken. This testimony fully warranted a finding by the jury that appellant had wilfully and maliciously entered the building with intent to commit a felony therein. Cf. *Commonwealth v. Whalen,* 189 Pa. Superior Ct. 351, 150 A. 2d 133. Our review of the record leads us to agree with the conclusion of the court below "that there was sufficient testimony to sustain the verdict in this case".

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.