**Commonwealth _v._ DelMarmol, Appellant.**
**Commonwealth _v._ Scanlon, Appellant.**

Argued September 15, 1969.   Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

_Edward F. Kane,_ with him _Bean, DeAngelis, Tredinnick & Giangiulio,_ for appellant.

_James P. Geoghegan,_ for appellant.

_Richard A. Devlin,_ Assistant District Attorney, with him _Paul W. Tressler,_ Assistant District Attorney, and _Milton O. Moss,_ District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM (on each appeal), November 13, 1969:
Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court

committed until he has complied with the sentence, or any part thereof which has not been performed at the time the appeal was made a supersedeas.

----

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

The facts in these two appeals have been set forth in Judge JACOB'S careful opinion, reported at 206 Pa. Superior Ct. 512, 214 A. 2d 264 (1965). In that opinion, the Court held that certain evidence was inadmissible to prove that appellants had committed burglary and ordered a new trial. In dictum, the Court said there remained evidence sufficient to establish guilt beyond a reasonable doubt. Because I disagree with that dictum and the holding of the majority today with respect to appellant Scanlon, I must dissent and set forth the facts as I see them, granting the Commonwealth all reasonable inferences arising from those facts. Compare *Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965) · with *Commonwealth v. Hazlett,* 429 Pa. 476, 240 A. 2d 555 (1968); *Commonwealth v. Zimmerman,* 214 Pa. Superior Ct. 61, 251 A. 2d 819 (1969); *Commonwealth v. Craft,* 215 Pa. Superior Ct. 477, 258 A. 2d 537 (1969).

A girl and her boyfriend were sitting in the girl's third-floor apartment one afternoon when a "tinkering noise" was heard at the front door, which was unlocked at the time. The girl arose and walked toward the door. When she was about two feet from it, it opened. She saw appellant DelMarmol "in a crouched position, looking down a bit. Then he looked up, and looked directly at [the girl]." He said "Oh" and closed the door rapidly. She re-opened the door and watched Del-Marmol, with something red in his hand, running down the stairs. She also heard another set of footsteps further down the staircase. Meanwhile the boyfriend

had stationed himself at one of the windows, and, through the screen, saw appellants DelMarmol and Scanlon leave the apartment house and begin "walking" away. He then raced down the stairs and hailed a passing policeman. At this time, appellants were still "walking" and were about 75 to 100 feet away. The policeman called to DelMarmol and Scanlon. Scanlon responded to the call, but DelMarmol entered a nearby store. In answer to the officer's questions Scanlon stated that he had not been accompanied by another person. Upon instruction from the officer, Scanlon remained unguarded by the police car while DelMarmol was apprehended inside the store. Both men were then searched. A red magnifying glass and a "pen-light flashlight" were discovered upon Scanlon. Based upon this evidence, both men were convicted of burglary. This appeal followed.

Burglary is a statutory offense, defined as follows:

"Whoever, at any time, wilfully and maliciously, enters any building with intent to commit any felony therein, is guilty of burglary, a felony . . ." Act of June 24, 1939, P. L. 872, §901, 18 P.S. §4901. The intent, of course, must be inferred from the accused's action. *Commonwealth v. Hartland,* 147 Pa. Superior Ct. 263, 24 A. 2d 160 (1942).

With respect to appellant DelMarmol, we have the following: He was "tinkering" at the door, then opened it. He looked in, and when surprised, fled down the stairs. Upon being called by the policeman, he fled into a nearby store. A jury could well find beyond a reasonable doubt that DelMarmol entered the apartment house with the intent to commit a felony from this evidence. See *Commonwealth v. Coyle,* 415 Pa. 379, 203 A. 2d 782 (1964); *Commonwealth v. Osborne,* 433 Pa. 297, 249 A. 2d 330 (1969).

With respect to appellant Scanlon, we have the following: He was in the apartment house and left with

DelMarmol. He "walked" away with DelMarmol, but responded when called by the policeman. He said he was with no one and was discovered with a red object.

Scanlon was seen doing nothing suspicious inside the apartment house. Hence, his leaving alone cannot be characterized as flight. The fact that he left *with* Del-Marmol is ambiguous. He may have been fleeing with DelMarmol or may just have been leaving, after finishing legitimate business, and heading in the same direction. Moreover, he "walked" away, responded when the policeman called, and remained, unguarded, when told to do so. Such activity negates prior suspicious conduct. Scanlon's actions, therefore, are as consistent with innocence as they are with guilt.

Scanlon's statement and his possession of a red object add little to the case against him. To assert that the statement was false assumes the very fact that must be proved, that is, that Scanlon and DelMarmol were together. The record shows only that they were walking in the same direction. Scanlon's possession of a red object similar in color to an object possessed by DelMarmol is of little value, not only because of the lack of specificity but also because DelMarmol had ample opportunity to rid himself of his object.

I would reverse the judgment of sentence of the Court of Common Pleas of Montgomery County with respect to appellant Scanlon and affirm the judgment with respect to appellant DelMarmol.

SPAULDING, J., joins in this opinion.