Commonwealth *v.* Freeman, Appellant.

Argued September 18, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Stephen Robert LaCheen,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., November 16, 1973:

The evidence presented in this non-jury case is not sufficient to support appellant's conviction of burglary

with the intent to commit larceny. The verdict is vacated and the matter remanded for sentencing on the charge of unlawful entry.

The evidence may be summarized as follows: On August 22, 1972, at about 10:00 p.m., two police officers were working a plain clothes detail in Center City Philadelphia when they noticed appellant walking west in the 2200 block of Locust Street. Appellant entered and left the vestibules of several buildings on Locust Street. The officers followed him on a circuitous route "up Locust to 24th Street where he made a left and went south on 24th Street to Manning Street, then made a left going east on Manning Street. He then entered an alley which runs north and south between Manning and Spruce Street. He was in the alley for approximately a minute. He proceeded east on Manning at 23rd Street where he made a left and went north on 22nd Street and he continued on 22nd Street, south on Locust." Appellant finally entered an alley at the rear of 254 South 23rd Street. There he opened the gate of a six-foot fence that enclosed a dirt yard and proceeded to the building, a three-story brown-stone containing six occupied apartments. He went down three steps to the basement door and entered. Because he had his back to the officers, they could not determine the precise means by which he gained entry. After a few minutes, he emerged empty-handed. He went to the fence and looked over to the adjacent property. The officers then stepped into the yard, guns and badges drawn. Appellant ran into nearby bushes, where he was apprehended. The basement door bore scratch marks around the door handle and appeared to have been forced open. No weapons, tools, or stolen articles were found in appellant's possession. There were tools in the basement but they were not described in the record nor were they admitted into evidence. There were other items in the basement, like furniture and

radios, that appellant could have carried away. Access to the rest of the building could be had through the basement.

At the time of appellant's arrest and trial (both of which occurred before the effective date of the new Crimes Code, 18 Pa. S. §§101 *et seq.*), burglary was defined as the wilful and malicious entry into any building with an intent to commit any felony therein. Act of June 24, 1939, P. L. 872, §901, 18 P.S. §4901; *Commonwealth v. Hellner*, 160 Pa. Superior Ct. 158, 50 A. 2d 512 (1947). The specific intent required to make out this charge may be found in the defendant's words or conduct or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Carroll*, 412 Pa. 525, 194 A. 2d 911 (1963); *Commonwealth v. Bova*, 180 Pa. Superior Ct. 359, 119 A. 2d 866 (1956). If actions are relied on, they must bear a reasonable relationship to the commission of the felony, *i.e.*, be sufficiently proximate to the alleged intended crime to constitute one of the natural series of acts required for its commission. *Commonwealth v. Ellis*, 349 Pa. 402, 37 A. 2d 504 (1944); *Commonwealth v. Reynolds*, 208 Pa. Superior Ct. 366, 222 A. 2d 474 (1966).

Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Young*, 446 Pa. 122, 285 A. 2d 499 (1971), the only facts from which an intent to steal may be inferred are appellant's entry into the building and his suspicious actions before and after he entered.

Evidence of intentional entry into an occupied building is by itself insufficient to support an inference of an intent to steal. *Raymond v. State*, 55 Wisc. 2d 482, 198 N.W. 2d 351 (1972). Such an entry may be made with an intent to commit some other illegal act, such as rape, or arson, or malicious injury to the property.

Although one might infer an intent to commit larceny from appellant's activities before he arrived at 254 South 23rd Street and from his attempt to avoid apprehension after entry, one might just as easily infer an intent to commit some other crime. As noted in *Commonwealth v. Brown,* 226 Pa. Superior Ct. 172, 313 A. 2d 290 (1973), citing illustrative cases involving evidence of suspicious action after a trespass, where the evidence has been found sufficient, the circumstances were usually such as to narrow the range of possible explanations for the defendant's entry. There are no such circumstances here.

*Commonwealth v. DelMarmol,* 206 Pa. Superior Ct. 512, 214 A. 2d 264 (1965), after remand, 215 Pa. Superior Ct. 484, 259 A. 2d 198 (1969), could be read as supporting the proposition that entry plus flight will constitute sufficient evidence of burglary with an intent to commit larceny. Even read so broadly, however, that case does not support the conviction in the present case, for here there is a strong countervailing indication that appellant did not intend to steal when he entered 254 South 23rd Street: he came out of the building (as he had come out of several other buildings) with nothing, although the basement contained furniture and smaller items, and afforded access to the rest of the building.

It does not follow, however, that appellant should be discharged. While the evidence is insufficient to support the inference that he intended to commit larceny, it does show that when he entered 254 South 23rd Street he intended to commit some crime. Under the Act of June 24, 1939, P. L. 872, §901.1, added Act of November 19, 1959, P. L. 1518, No. 532, §1, 18 P.S. §4901.1, "Whoever under circumstances or in a manner not amounting to burglary enters a building, or any part thereof, with intent to commit a crime therein, is guilty of unlawful entry, a misdemeanor. . . ." The crime of

burglary, for which appellant was indicted and tried, includes the lesser offense of unlawful entry, and a defendant acquitted of burglary may be found guilty of unlawful entry. *Commonwealth v. Nace*, 222 Pa. Superior Ct. 329, 295 A. 2d 87 (1972).

The judgment of sentence is reversed, the verdict of guilty of burglary vacated, and the case remanded with directions to enter a verdict of guilty of unlawful entry and to impose sentence thereon.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of the court below.