Commonwealth *v.* Garrett, Appellant.

Argued March 21, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David Weinstein,* with him *Weinstein, Goss & Katzenstein,* for appellant.

*Louis Perez,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

Appellant, David Garrett, appeals from a conviction of burglary before the Court of Common Pleas of

Philadelphia County, alleging that the Commonwealth did not meet its burden of proof as to the elements of the crime.[1]

Viewing the evidence in a light most favorable to the Commonwealth as we must, *Commonwealth v. Portalatin*, 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972), the evidence, as found by the lower court sitting without a jury, is as follows:

On June 25, 1972, appellant entered the record shop of James Sumner in order to obtain drugs. After entering the store, an argument ensued, and the appellant struck Sumner and removed money from Sumner's pocket. Sumner did not report this incident to the police; however, about two weeks later, appellant was arrested for fighting with Sumner in front of a state welfare office, and, upon arrest, Sumner informed the police that appellant had robbed him two weeks before.

Sumner, the Commonwealth's only witness at the preliminary hearing, died before trial, and his entire preliminary hearing testimony was incorporated at trial. The transcript of the earlier testimony indicated that appellant and another man entered the store, and while the second man held a gun to Sumner's head, appellant took $27.00 from the cash register. An argument then ensued, during which appellant hit Sumner in the face with his hand, took $130.00 from the cash register, and fled from the store with the second man.

The appellant, testifying in his own behalf, contends that on June 24, 1972, he purchased $35.00 worth of heroin at Sumner's store. Appellant, upon later discovering the heroin was actually quinine, telephoned Sumner, who informed appellant that he was to return to the record shop the next day to have the quinine

---

[1] Since the facts in this case occurred in 1972, the new Crimes Code, 18 Pa. C.S. §101 *et seq.* (1973), which became effective on June 6, 1973, does not apply.

replaced. At 9:30 the next morning appellant returned to the store, but was told by Sumner to come back in a few hours, because he was expecting a new supply of heroin. Two hours later, appellant returned with another person, whereupon Sumner told appellant that he could supply no more heroin since he could no longer obtain a supply. An argument and fight then ensued between appellant and Sumner, resulting in appellant striking Sumner with his hand. Appellant admitted that he did argue with Sumner, but only for the purpose of persuading Sumner to return his money. He further testified that after he demanded his money, Sumner gave him $27.00 from his pocket. Appellant also admitted hitting Sumner with his hand, but denied that he or the other man had a gun, or that he even knew the second man.

Appellant was charged with burglary, aggravated robbery, and carrying a firearm on a public street. He waived his right to a jury trial and was found guilty of burglary by the lower court on September 6, 1973. Oral motions for a new trial and in arrest of judgment were denied. Appellant was sentenced to one to ten years in a state correctional institution.

Appellant contends that a conviction of burglary was not justified because his actions did not give rise to the required elements necessary for burglary. Specifically, appellant alleges that the evidence does not show the requisite element of intent necessary for a conviction of burglary.

The lower court, in convicting appellant of burglary, found the necessary element of intent to commit a felony in the fact that appellant had returned to Sumner's store in order to obtain authentic heroin and in "some way to maim Mr. Sumner, and the fact that he did . . . [was] a manifestation of that intent."[2] The

---

[2] The lower court's reference to "maiming" presumably refers to the crime of assault with intent to maim, Act of June 24, 1939,

court further noted that: "Many of the so-called robberies presented to this Court represent nothing more than the violent efforts of frustrated addicts to obtain fair dealings from drug pushers. Nevertheless, with the violence engendered by these encounters and the desperate measures to which addicts resort to gain their illicit supplies, it is clear that the intent is not merely to gain the drugs, but to secure a *fix at any human price.*"

The elements of the offense of burglary are defined as the intent to commit a felony, and the successful and effective overt act directed toward the commission of the felony by the wilful and malicious entry into a building. Act of June 24, 1939, P. L. 872, §901 (18 P.S. §4901). *Commonwealth v. Procopio,* 200 Pa. Superior Ct. 226, 188 A. 2d 773 (1963). Though a wilful and malicious entry is required, the entry into a store may be such, if made with the intent to commit a felony. *Commonwealth v. Schultz,* 168 Pa. Superior Ct. 435, 79 A. 2d 109 (1951). The specific intent required to make out a burglary charge may be found in appellant's words or conduct or from the attendant circumstances together with all reasonable inferences therefrom.

P. L. 872, §712 (18 P.S. §4712), which provides in pertinent part: "Whoever unlawfully and maliciously, shoots at any person, or, by drawing a trigger or by any other manner, attempts to discharge any kind of loaded arms at any person, or stabs, cuts or wounds any person, with intent to maim, disfigure or disable such person, is guilty of felony, and on conviction, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both." Although the evidence indicates that appellant only struck the victim resulting in little or no injury, the consummation or execution of the intent to commit the felony is not necessary to complete the crime of burglary. *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920 (1941) ; *Commonwealth v. Procopio,* 200 Pa. Superior Ct. 226, 188 A. 2d 773 (1963).

*Commonwealth v. Carroll,* 412 Pa. 525, 194 A. 2d 911 (1963) ; *Commonwealth v. Bova,* 180 Pa. Superior Ct. 359, 119 A. 2d 866 (1956). However, if actions are relied upon, they must bear a reasonable relationship to the commission of a felony. *Commonwealth v. Ellis,* 349 Pa. 402, 37 A. 2d 504 (1944) ; *Commonwealth v. Reynolds,* 208 Pa. Superior Ct. 366, 222 A. 2d 474 (1966).

This court, in determining whether the evidence was sufficient to support the verdict of burglary, finds, after careful examination of the record, that as a matter of law, the Commonwealth did not present sufficient evidence to show appellant's intention to commit a felony in entering the victim's store.

A review of the evidence indicates no testimony that the appellant intended to cause harm or in "some way to maim" Sumner. No prior conversations or actions showed that appellant desired vengeance by attempts or threats of harm to Sumner's person. The record also indicates that Sumner was willing to replace the quinine with authentic heroin, or in the alternative, return appellant's money. It should also be noted that the lower court, by acquitting appellant of the charges of aggravated robbery and carrying a firearm, found that appellant did not enter the victim's store with the intent to forcibly remove his money by violence or threats.

The findings of the lower court show that appellant entered the victim's store to carry out a drug sale, a misdemeanor under the Controlled Substance, Drug, Device and Cosmetic Act.[3] But the record does not indicate that the necessary felonious intent existed when appellant entered the building, and since such an intent was not present, there was no burglary.

---

[3] Act of April 14, 1972, P. L. 233, No. 64, §13, *as amended,* Oct. 26, 1972, P. L. 233, No. 64, §13 (35 P.S. §780-113(a) (19)).

*Commonwealth v. DelMarmol*, 215 Pa. Superior Ct. 484, 259 A. 2d 198 (1969) ; *Commonwealth v. Hartland*, 147 Pa. Superior Ct. 263, 24 A. 2d 160 (1942)

Judgment of sentence is reversed, and the case is remanded for a new trial.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J. :

I concur in the majority's conclusion that the evidence was insufficient to support a conviction of burglary. However, I do not think it proper to remand this case for a new trial.

The scope of our authority to fashion a remedy in cases on appeal before us is set forth in §504 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, P. L. 673, No. 223, art. I, §101, 17 P.S. §211.504, which states: "An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."[1]

There are some cases where it is just to order a new trial after finding that the evidence is insufficient. For example, a new trial is appropriate when the prosecution through no fault of its own has been deprived by the trial judge of the opportunity fully to develop its case. *United States v. Howard*, 432 F. 2d 1188, 1191 (9th Cir. 1970) (concurring opinion). *See also Commonwealth v. Stoffan*, 228 Pa. Superior Ct. 127, 323 A. 2d 318 (1974). In the present case, however, no special circumstances appear that warrant our order-

---

[1] Section 504 appears to be patterned after 28 U.S.C. §2106 (1973), which is nearly identical.

ing a new trial. Nothing suggests that the prosecution will be able to produce a valid conviction for burglary if a new trial is granted. In view of this, it is not just to require appellant to undergo a second trial, nor to require the people of the Commonwealth to pay for it.[2]

The majority cannot rely on the fact that appellant filed motions for a new trial and in arrest of judgment.[3] Such motions are perfunctorily made by defense counsel. (Here they were made orally on the day of trial.) It may be doubted that many counsel explain to their clients that by seeking a new trial they run the risk of being tried again for a crime the Commonwealth did not prove. In the absence of a finding that the defendant was so informed, the fact that a motion for new trial was filed is by itself not enough to make it just to order a new trial.

As the majority suggests, appellant might have been properly convicted of unlawful entry, Act of June 24, 1939, P. L. 872, §901.1, added Nov. 19, 1959, P. L. 1518, No. 532, §1, 18 P.S. §4901.1, which is a lesser included offense of burglary. *See Commonwealth v. Freeman,* 225 Pa. Superior Ct. 396, 313 A. 2d 770 (1973). Appellant entered Sumner's store with the intent to carry out a drug sale; at the very least he entered to procure or possess drugs. I see no reason why we should not enter an order remanding the case

_____

[2] Retrial where the conviction has been reversed because of insufficient evidence may impair the defendant's double jeopardy rights. The law is far from clear. *Compare Bryan v. United States,* 338 U.S. 552 (1950) *with Sapir v. United States,* 348 U.S. 373, 374 (1955) (DOUGLAS, J., concurring) and *Forman v. United States,* 361 U.S. 416 (1960). *See generally* Comment, Double Jeopardy: A New Trial After Appellate Reversal for Insufficient Evidence, 31 U. Chi. L. Rev. 364 (1964). There is no need to discuss the double jeopardy aspects of the majority's ruling since, in my opinion, it is incorrect as a matter of statutory law.

[3] Appellant did not ask for a new trial on appeal to this court.

to the lower court with directions to enter a verdict of guilty of unlawful entry and to impose sentence thereon. *Commonwealth v. Freeman, id.*

VAN DER VOORT, J., joins in this opinion.