J-S37022-17

2017 PA Super 343

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>CHEYENE TAVAREZ<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br>No. 1859 MDA 2016 |

Appeal from the Judgment of Sentence October 7, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006124-2015

BEFORE: STABILE, J., MOULTON, J., and MUSMANNO, J.

OPINION BY MOULTON, J.: **FILED OCTOBER 31, 2017**

Cheyene Tavarez appeals from the October 7, 2016 judgment of sentence entered in the Berks County Court of Common Pleas following his entry of a guilty plea to one count each of aggravated assault, burglary, robbery, impersonating a public servant, and conspiracy.[1] We vacate the judgment of sentence and remand for resentencing.

At his guilty plea proceeding on October 7, 2016, Tavarez admitted to the following facts:

> [O]n or about November 17th, 2015, shortly after 1:00 in the morning at 49 Mill Road in Oley Township, Berks County, Pennsylvania, you along with your accomplices and co-conspirators Edward Martinez, Brandon Smith, and Erick Green went to that residence; the plan even before

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 3502(a)(1)(ii), 3701(a)(1)(ii), 4912, and 903(a)(1), respectively.

you arrived at the residence was to rob the people there; you believed that there were illegal drugs and money[] there to be gained; all four of you agreed to do that. When you got there, as was your intention all along, you and Edward Martinez entered the residence, there were people present. This was a residence. It was not open to the public at that time. You had no license or privilege to be there.

Once inside, you were yelling, ["]Police. Freeze[."] in [an] attempt to compel the homeowners to do what you wanted them to do, thereby impersonating a public servant. Although you attempted to commit a robbery and you did so with firearms, nothing was actually taken.

When you confronted the homeowner, Eric Wegman, in the upstairs bedroom, he pulled his own handgun and fired, hitting both you and Mr. Martinez. Eric Wegman was also shot in the leg at that point.

N.T., 10/7/16, at 5-6.

The trial court summarized the ensuing procedural history of this matter as follows:

[Tavarez] was sentenced to a term of incarceration of 10½ to 30 years in a state correctional facility. To reach this term of incarceration, the Court sentenced [Tavarez] consecutively on three of the charges. The first period of incarceration, lasting from 66 to 132 months, was received for the aggravated assault, robbery and the accompanying conspiracy charges. The second period of incarceration, lasting 48 to 96 months, was received for the burglary charge. The third period of incarceration, lasting 12 to 24 months, was received for the impersonating a public servant charge. Though the sentence in aggregate is considerable, [Tavarez] was sentenced on each charge within the standard range.

Following sentencing, by and through counsel, [Tavarez] filed a post-sentence motion to reconsider and modify sentence, on October 17, 2016. We denied this motion that day. On November 14, 2016, [Tavarez], now represented by the public defender, filed a notice of appeal. Due to a service error by the Court, Counsel did

not receive notice requiring a [Pennsylvania Rule of Appellate Procedure 1925(b)] statement until, at the latest, November 28, 2016. Once Counsel received notice, [Tavarez] filed a timely [Rule 1925(b)] statement on December 12, 2016.

1925(a) Opinion, 1/30/17, at 1 (unpaginated) ("1925(a) Op.").

On appeal, Tavarez raises three issues:

1. Whether the trial court erred and abused its discretion by failing to utilize the correct offense gravity score for the crime of impersonating a public servant.

2. Whether the trial court erred and abused its discretion by applying the deadly weapon (used) enhancement absent evidence that [Tavarez] used a deadly weapon as defined by the Sentencing Code in the commission of the burglary.

3. Whether the trial court erred and abused its discretion by failing to consider [Tavarez's] rehabilitative needs when imposing the sentence of 10½ to 30 years of incarceration.

Tavarez's Br. at 11 (full capitalization and trial court answers omitted).

We will address Tavarez's second issue first because it is dispositive of this appeal. Tavarez asserts that the trial court abused its discretion in applying the deadly weapon "used" enhancement to his burglary conviction. This claim raises a challenge to the discretionary aspects of sentencing.

An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa.Super. 2010). Before addressing such a challenge, we must first determine:

(1) whether the appeal is timely; (2) whether [the] [a]ppellant preserved his [or her] issue; (3) whether [the] [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the

concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting ***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)); ***see*** Pa.R.A.P. 2119(f).

Here, Tavarez filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons for allowance of appeal under Rule 2119(f). We must now determine whether he has raised a substantial question that his sentence is inappropriate under the Sentencing Code.

In his Rule 2119(f) statement, Tavarez asserts that the trial court abused its discretion in applying the deadly weapon "used" enhancement to the burglary conviction. It is well settled that "[a] substantial question is raised where an appellant alleges his sentence is excessive due to the sentencing court's error in applying the deadly weapon enhancement." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008); ***see also Commonwealth v. Kneller***, 999 A.2d 608, 613 (Pa.Super. 2010) (*en banc*) ("[A] challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing."). Therefore, we will review the merits of Tavarez's claim.

Tavarez asserts that that trial court abused its discretion in applying the deadly weapon "used" enhancement rather than the deadly weapon "possessed" enhancement to his burglary conviction. For burglary as a first-degree misdemeanor, Tavarez's prior record score was 2 and the offense

gravity score was 9. **See** N.T., 10/7/16, at 8. Had the trial court applied the deadly weapon "possessed" (rather than "used") enhancement, the standard guideline range for this conviction would have been 33 to 45 months rather than 42 to 54 months.[2] Tavarez does not challenge the trial court's application of the deadly weapon "used" enhancement to his remaining convictions.

At the plea proceeding, Tavarez admitted that he possessed a firearm during the entire criminal episode and that he used a firearm to threaten the victims in the course of the robbery. Tavarez contends, however, that the record does not support the trial court's conclusion that Tavarez used a deadly weapon in the commission of the burglary because the victims were upstairs at the time of his unlawful entry into the residence. We agree.

The deadly weapon enhancement provisions of the Sentencing Guidelines provide that an enhancement "shall apply to each conviction offense for which a deadly weapon is possessed or used." 204 Pa. Code § 303.10(a)(4). The trial court may not disregard an applicable enhancement when determining the appropriate sentencing ranges. **Commonwealth v. Cornish**, 589 A.2d 718, 720 (Pa.Super. 1991). Further, "[i]t is imperative that the sentencing court determine the correct starting point in the [G]uidelines before imposing sentence." **Id.**; **see**

_____

[2] As discussed above, the trial court sentenced Tavarez to 48 to 96 months' incarceration for burglary, consecutive to the 66- to 132-month sentence imposed for robbery.

*Commonwealth v. Diamond*, 945 A.2d 252, 259 (Pa.Super. 2008) ("[T]he sentencing court must correctly apply the [S]entencing [G]uidelines to reach the correct point of departure, before exercising its discretion to depart from the [G]uidelines in any particular case. These rules apply to the deadly weapons enhancement.") Thus, if "the trial court erroneously calculates the starting point under the [G]uidelines," we will vacate the judgment of sentence and remand for resentencing. *Commonwealth v. Scullin*, 607 A.2d 750, 754 (Pa.Super. 1992).

Here, the trial court applied the enhancement for "use" of a deadly weapon to the burglary conviction. The "used" enhancement provides:

> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). **An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual**:
>
> (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
>
> (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
>
> (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2) (emphasis added). Thus, to establish use of a deadly weapon under this provision, the record must show that the defendant used the weapon to threaten or injure the victim while committing the particular offense. *See, e.g., Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa.Super. 2016) (concluding that defendant's "mere possession of a

gun transcended to his use of the gun" when he removed gun from under his clothing and pointed it at victim's face during attempted robbery); **Commonwealth v. Chapman**, 528 A.2d 990, 991-92 (Pa.Super. 1987) (holding trial court properly applied deadly weapon "used" enhancement where defendant held straight razor in plain view while robbing victim, despite claiming he never employed razor as explicit threat).

Tavarez contends that the trial court should have applied the deadly weapon "possessed" enhancement, rather than the "used" enhancement, to his burglary conviction. The "possessed" enhancement provides:

> (1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). **An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control**:
>
> (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
>
> (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
>
> (iii) Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.

204 Pa. Code § 303.10(a)(1) (emphasis added).[3]

---

[3] At sentencing, Tavarez's counsel did not object to the application of the deadly weapon enhancement, but requested that the trial court apply the "possessed" enhancement rather than the "used" enhancement to the burglary conviction. **See** N.T., 10/7/16, at 12-13.

The trial court explained its reasons for applying the "used" enhancement to the burglary conviction as follows:

> Because the use of weapons occurred during robbery, ipso facto it must occur during the burglary. We have found no precedent to suggest that a burglary ends immediately after the breaking and entering premises. Instead, common sense dictates that a burglary continues until, at least, the perpetrator leaves the premises; an additional crime committed during this time is not a superseding intervening cause. Therefore, any acts committed during this time are considered to still be in the commission of the burglary.
>
> In the instant matter, [Tavarez] made a threat with a deadly weapon during the robbery. By necessity, this threat with a deadly weapon was also occurring during the burglary, since [Tavarez] was still in the midst of the burglary during the robbery.

1925(a) Op. at 6 (unpaginated). We conclude that the trial court erred.

Tavarez pled guilty to the offense of burglary set forth in section 3502(a)(1)(ii) of the Crimes Code, which states:

> A person commits the offense of burglary if, with the intent to commit a crime therein, the person . . . enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present.

18 Pa.C.S. § 3502(a)(1)(ii). Our Supreme Court has explained that the offense of burglary is complete at the moment of entry into an occupied structure with the intent to commit a crime therein:

> The crime of wi[l]fully and maliciously breaking and entering any building with intent to commit any felony ther[e]in is **completed when the felon breaks into the building** either actually, or constructively by fraud, conspiracy or threats, with the intent above named. **Consummation or execution of the intent to steal or**

- 8 -

**to commit some other felony is not necessary to complete the crime of burglary** . . . . Whatever felony is committed *in* the building broken into is separate and distinct from the offense of breaking and entering into that building.

*Commonwealth ex rel. Moszczynski v. Ashe*, 21 A.2d 920, 921-22 (Pa. 1941) (emphases added); *see also Commonwealth v. Wiltrout*, 457 A.2d 520, 524 (Pa.Super. 1983) ("Burglary is committed when a person enters a building without authority with the specific intent to commit a crime therein.").

While the facts and the case law make clear that Tavarez satisfied the elements of burglary before he "used" a weapon, the trial court nevertheless concluded that for the purpose of the sentencing enhancement: (1) "a burglary continues until, at least, the perpetrator leaves the premises," and (2) because "[Tavarez] made a threat with a deadly weapon during the robbery, . . . this threat with a deadly weapon was also occurring during the burglary, since [Tavarez] was still in the midst of the burglary during the robbery." 1925(a) Op. at 6. The Commonwealth likewise argues that "[g]iven that the robbery was the object crime of the burglary, and the robbery was to take place using firearms to threaten the occupants of the home, it follows logically that the burglary also necessarily involved the use of firearms to threaten violence." Cmwlth.'s Br. at 10. We disagree.

We conclude that the record did not establish Tavarez's "use" of a firearm during the commission of the burglary under 204 Pa. Code § 303.10(a)(2). As discussed above, the burglary was complete at the moment Tavarez unlawfully entered the residence with the intent to commit

the crime of robbery therein. The facts placed on the record at the plea proceeding, as well as those outlined in the affidavit of probable cause, established only that Tavarez possessed a firearm when he entered the residence; there was no showing that he used the firearm to gain entry into the residence or to threaten the victims while entering the residence. Tavarez did not encounter the victims until he and his co-conspirators went upstairs to rob them. *See* Aff. of Prob. Cause, 12/23/15, at 1-4. Thus, while Tavarez plainly used a firearm during the commission of the robbery, and properly received a "use" enhancement for that offense, the record does not support a finding that he employed the firearm "in a way that threatened or injured" the victims "**during the commission of the [burglary]**." 204 Pa. Code § 303.10(a)(2) (emphasis added). Accordingly, we conclude that the trial court abused its discretion in applying the deadly weapon "used" enhancement rather than the "possessed" enhancement to Tavarez's burglary conviction.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.[4]

_____

[4] In light of our disposition, we need not address Tavarez's two remaining issues. We note, however, that in its opinion, the trial court acknowledged that it applied an incorrect offense gravity score to Tavarez's conviction for impersonating a public servant. *See* 1925(a) Op. at 3 n.7 (unpaginated).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/31/2017</u>