633 A.2d 141

COMMONWEALTH of Pennsylvania, Appellee,

v.

Robert James WILAMOWSKI, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided Nov. 9, 1993.

374

Wayne H. Hundertmark, Hundertmark & Getsinger, Seneca, (Court-appointed), for appellant.

James P. Epstein, Dist. Atty., Lorinda L. Hinch, First Asst. Dist. Atty., Mercer, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Following a jury trial, Appellant was convicted of criminal mischief[1] and attempted burglary (theft).[2] He was sentenced

---

1. 18 Pa.C.S. § 3304(a)(2).
2. 18 Pa.C.S. § 3502(a). Because of merger, Appellant was sentenced for the attempted burglary only.

§ 3502. **Burglary.**
(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

§ 3304. **Criminal Mischief.**
(a) Offense defined.—A person is guilty of criminal mischief if he:

(1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in section 3302(a) of this title (relating to causing or risking catastrophe);

(2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property; or

to prison for a term of five to ten years. The Superior Court affirmed the conviction. 411 Pa.Super. 670, 593 A.2d 916.

The facts indicate that at approximately 11:00 p.m., a sleeping homeowner was aroused in his darkened house by a loud noise. He discovered that the door to his integral garage had been pushed in by a crushing blow which had caused it to split off from its frame and pulled off of its three hinges.

The same loud noise also had awakened a neighbor who, upon getting out of bed, heard a knock at his side door. Answering the knock, the neighbor was faced by a young male, the Appellant, who was clearly visible under a mercury vapor light. The Appellant was inquiring about a different family and asked for directions to another street. The conversation took about three minutes, and the Appellant departed.

The neighbor then went to the garage where the homeowner was inspecting the damage. After exchanging information, they began pursuing the Appellant who was still in sight and yelling that he stop. The Appellant, however, paused very briefly to talk to two girls who subsequently told the pursuers that his name was "Bob." He thereafter eluded the chase by proceeding furtively through shrubbery and back yards.

When the police were given this information that same evening, they were able to trace the Appellant who was questioned and permitted the police to use his boot to match the footprint on the damaged door. The boot and the print matched. Appellant was charged with attempted burglary and criminal mischief.

The only issue for review is whether the evidence was sufficient to find that the Appellant had the requisite intent to commit a crime (theft) inside to support a charge of attempted burglary. Stated conversely, the Appellant argues that in the

(3) intentionally or recklessly causes another to suffer pecuniary loss by deception or threat.

§ 901. **Criminal Attempt.**

(a) Definition of attempt.—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

absence of proof of such intent to steal, he can be convicted only of criminal mischief, but certainly not burglary.

██ At both common law and statutory law, the crime of burglary or attempted burglary encompasses the element of intent to commit a felony or any qualified crime within the burglarized premises. *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975); *Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973). We need not pause to dwell on well-settled case law that intent, an admittedly slippery legal concept, can be inferred from the circumstantial evidence surrounding the incident. *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977). In the instant case, the jury found an intent to steal and the Appellant raises before us the issue of whether the evidence presented to the jury was sufficient to prove that specific intent.

A review of the decisions of the courts of this Commonwealth indicates both lack of unanimity or near silence on the issue of what constitutes sufficient proof of intent for the crime of burglary. The Superior Court has been divided between decisions based on such cases as *Commonwealth v. Freeman,* 225 Pa.Superior Ct. 396, 313 A.2d 770 (1973), holding that entry alone is not sufficient for a finding of intent for theft and, by contrast, earlier cases such as *Commonwealth v. Del Marmol,* 206 Pa.Superior Ct. 512, 214 A.2d 264 (1965), holding an opposite conclusion.

These unresolved dichotomies clashed in *Commonwealth v. Jacobs,* 247 Pa.Superior Ct. 373, 372 A.2d 873 (1977). Writing for the majority in affirming *Freeman*-type decisions, Judge Jacobs held:

> The specific intent required to make out the charge of burglary may be found in the defendant's words or conduct or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Freeman, supra.* However, when actions are relied on they must bear a reasonable relationship to the commission of the crime, i.e. be sufficiently proximate to the alleged intended crime to constitute one of the natural series of acts required for its

commission. *Commonwealth v. Freeman, supra; Commonwealth v. Ellis,* 349 Pa. 402, 37 A.2d 504 (1944); *Commonwealth v. Reynolds,* 208 Pa.Super. 366, 222 A.2d 474 (1966). In the case at bar the only fact from which an intent to steal could possibly be inferred is appellant's unlawful entry into the apartment. On this point, we have expressly held that evidence of intentional entry into an occupied building is by itself insufficient to support an inference of an intent to steal. *Commonwealth v. Freeman, supra* [225 Pa.Super.] at 399, 313 A.2d at 772.

247 Pa.Superior Ct. at 378, 372 A.2d at 875–876.

In dissent, Judge Price noted cases to the contrary:

In *Commonwealth v. Del Marmol,* 206 Pa.Superior Ct. 512, 214 A.2d 264 (1965), this court held, on similar facts, that a jury could reasonably infer an intent to commit larceny when a defendant was caught in the act of breaking into an apartment. Judge Jacobs, writing for the majority, noted that "[t]he fact that the jury chose ... to infer an intent to commit larceny from the appellant's unusual and surreptitious activities does not mean that its decision was based on conjecture and surmise...." *Id.* at 517, 214 A.2d at 266. This appears to be in accordance with the view of a majority of jurisdictions which have decided that an unexplained breaking and entering into a building is in itself sufficient to sustain a conviction for burglary with the intent to commit larceny rather than some other crime. "The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose ... is theft." 13 Am.Jur.2d § 52, p. 353, n. 18 (1964).[3]

247 Pa.Superior Ct. at 385, 372 A.2d at 879.

While appearing less emphatic, our cases generally have prohibited an inference of such intent from similar facts.

---

**3.** Compare, *Commonwealth v. Gordon,* 329 Pa.Superior Ct. 42, 477 A.2d 1342 (1984) ("this court has held that evidence of entry by force may be sufficient to establish the criminal intent of the intruder") and cases cited in support. Other cases adhering to the "sufficiently proximate" rule include *Commonwealth v. Jacobs,* 247 Pa.Superior Ct. 373, 372

Nearly one-half century ago, this Court refused to support a conviction for burglary where the intruder broke a window and, after entering, refused to leave:

> The record contains no evidence of an intention to commit any felonious act against the ... [victim]. It is true that intent may be inferred from actions as well as words. These actions, however, must bear a reasonable relation to the commission of the felony. The record discloses an overt act sufficiently proximate to the alleged intended crime which may properly be said to be one of the natural series of acts required for the commission of the crime. The verdict is one which under the evidence could only be reached by, and based upon, conjecture and surmise rather than permissible inferences from evidence adduced.

*Commonwealth v. Ellis,* 349 Pa. 402, 404–405, 37 A.2d 504, 506 (1944).

In *Commonwealth v. Hardcastle,* 519 Pa. 236, 546 A.2d 1101 (1988), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990), we determined that the "evidence of forced entry combined with evidence of the crimes committed within the victim's home was sufficient for the jury to conclude that appellant had the intent to commit burglary when he entered the home." *Hardcastle,* in addition, cautions us to consider "the circumstances surrounding the incident" in order to find the requisite intent. 519 Pa. at 252–253, 546 A.2d at 1109 (citing to *Commonwealth v. Hardick,* 475 Pa. 475, 479, 380 A.2d 1235, 1237 (1977), and *Commonwealth v. Kennedy,* 499 Pa. 389, 394, 453 A.2d 927, 929 (1982)).

The most recent foray into this subject was *Commonwealth v. Wagner,* 523 Pa. 298, 566 A.2d 1194 (1989), where our equally divided decision affirmed a conviction for attempted burglary. The facts in *Wagner* indicate that the owner of the home heard a window breaking and called the police after she

A.2d 873 (1977) and *Commonwealth v. Garrett,* 229 Pa.Superior Ct. 459, 323 A.2d 314 (1974). "Sufficiently proximate" appears to be synonymous with "significant relationship to the commission of a felony." *Commonwealth v. Reynolds,* 208 Pa.Superior Ct. 366, 222 A.2d 474 (1966).

observed the appellant walking towards her garage. The police arrested appellant on the victim's driveway. He was carrying an umbrella. Further investigation led to a broken door pane and the appellant's fingerprints on an unbroken pantry window.

No additional evidence was presented to establish the actor's specific intent to commit a crime within the occupied structure and, upon reflection, we conclude that we will not accept a *per se* assumption in attempted burglary prosecutions that evidence of a forced opening into an occupied structure automatically gives rise to an acceptable inference of intent to commit a crime inside. More is required. A "totality of the circumstances" constitutes a better approach to evaluating the Commonwealth's evidence supporting this element. The Commonwealth must establish, as part of its evidentiary burden, additional evidence that goes beyond the mere breaking in of a door or window. Without this evidence the required inference of intent will derive from mere conjecture or surmise and a defendant's right to rely on a presumption of innocence will be little more that illusory.

Although the Commonwealth's facts prove that Appellant kicked at the door and tore it off of its hinges, there was no additional evidence to establish that he possessed an intent to commit a crime inside. He broke the door and apparently walked away from it without any showing that he entered the structure or attempted to enter. His path into the structure was now unobstructed, but he chose to walk away and go to the neighbor's house to ask for directions. Evidence of Appellant's subsequent actions in flight is also insufficient, standing alone, to lend any support to a permissible inference of intent to commit a crime inside since the flight is consistent with his efforts to avoid apprehension for his conduct of breaking down the door.

Accordingly, the order of the Superior Court affirming the conviction for attempted burglary is reversed, but the conviction for criminal mischief is affirmed. Jurisdiction is relinquished.