## Commonwealth v. Brzezinski

*Edward M. Louka,* for Commonwealth.

*Mel D. Kardos,* for defendant.

FINLEY, *J.,* November 5, 2007—Brian Brzezinski has filed a motion for a new trial and petitioned for relief under the Post Conviction Relief Act (PCRA)[1] following his conviction for burglary and other related offenses.

On January 8, 2007, petitioner was convicted, after a non-jury trial, of the crimes of burglary,[2] theft by unlawful taking,[3] receiving stolen property,[4] criminal trespass,[5] and criminal mischief.[6]

On March 15, 2007, petitioner filed a motion for a new trial alleging ineffective assistance of counsel.

Petitioner was sentenced on April 4, 2007, to 90 days to 23 months incarceration in the Bucks County Correctional Facility.

On April 16, 2007, pursuant to Pa.R.Crim.P. 720(b), defendant filed a post verdict motion alleging that the evidence was insufficient to support his conviction.

On June 4, 2007, a hearing was held to consider petitioner's motions. At that time, upon request of counsel, the court ordered that the motions be consolidated under the PCRA, and that the Commonwealth respond to the petition.

A PCRA hearing was held on September 18, 2007, with testimony by several witnesses to supplement the

1. 42 Pa.C.S. §9541 et seq.
2. 18 Pa.C.S. §3502 §§A.
3. 18 Pa.C.S. §3921 §§A.
4. 18 Pa.C.S. §3925 §§A.
5. 18 Pa.C.S. §3503 §§A1ii.
6. 18 Pa.C.S. §3304 §§A5.

record. At the conclusion of the hearing, the matter was taken under advisement, and time was afforded to the parties to submit legal memoranda supporting their respective positions.

The issues condense to:

(1) whether, viewed in the light most favorable to the Commonwealth, the evidence was sufficient, under the totality of the circumstances, to sustain a conviction for burglary and related offenses; and,

(2) whether trial counsel was ineffective for (1) strategically introducing petitioner's prior conviction for theft on direct examination; (2) failing to object to comments by the assistant district attorney and the court regarding the person who accompanied petitioner during the burglary; and, (3) failing to call certain witnesses.

Petitioner's conviction resulted from an incident that occurred on October 20, 2006 shortly after flooding from the Delaware River had damaged many homes. Petitioner owns and operates Premier Excavation Company which performs both excavation and demolition.

On October 20, 2006, a homeowner was driving by his home at 102 Overlook Avenue in Upper Makefield Township (an area that had been damaged by the floods) when he noticed petitioner's truck in his driveway and found petitioner inside his house.[7] When the homeowner questioned petitioner as to what he was doing there,

---

7. The homeowner and his family were not currently living in the house as the first floor of the house had been damaged by the flood. While repair of the house was underway, even though the family was overnighting at another house, their personal property was still inside the undamaged portion of the house.

petitioner indicated that he had been contracted to demolish the house. The homeowner was understandably surprised. As the conversation continued, petitioner told the homeowner that he had mistakenly entered the wrong home. Petitioner told the homeowner that he had removed numerous items including tools and guns. He then left to retrieve and voluntarily return the things he had taken. Petitioner maintained that his removal of the items was not unusual, as owners would often leave behind many items in houses that were to be demolished.

Later, after thinking over the events, the homeowner came to believe that petitioner was actually there to burglarize his house. He was fortunate to come along and discover petitioner in the act. The homeowner then called the police, and petitioner was arrested for burglary and related crimes.

Petitioner had contracted with Upper Makefield Township to demolish two flood-damaged properties, one on River Road and one at 115 Overlook Avenue, a different property from the one which he burglarized. The home from which petitioner removed the items was situated as the first house at the corner of River Road and Overlook Avenue and had no house number or mailbox. The address of that house was actually 102 Overlook Avenue.

Petitioner did not deny removing the items. Testimony revealed that he had cut a chain securing the power tools, cut open the hinges on a steel gun cabinet removing the guns, took bottles of liquor, removed a fur from a cedar closet, dumped out the contents of drawers that included personal documents including passports, Social Security numbers and birth certificates, and had

otherwise ransacked the house. Petitioner defends his actions by asserting that he was mistaken about which house to demolish, and that he removed the property only because he believed that it had been abandoned.

At trial, petitioner admitted that he did not look at any other houses on the street to determine whether he was at the right house. He also testified that he did not remember being told by the township engineer that there were no salvage rights on this demolition job.

Larry Young of Gilmore and Associates, the township engineer, testified at trial that he told petitioner that there were no salvage rights on this job. Petitioner had not attended a non-mandatory pre-bid meeting at which the prohibition of salvage rights was among the topics of discussion.

Gary Bulick, also of Gilmore and Associates, testified that when he confronted petitioner with the information that a homeowner at 102 Overlook Drive had reported some personal property missing, petitioner told Mr. Bulick that he was there to give an estimate to the owner. Petitioner told the homeowner and the police that he had mistakenly entered the house thinking that it was the one that he was to demolish. At trial, petitioner admitted that he had lied to Mr. Bulick.

The owner of 102 Overlook Drive testified that he was sure that he had locked all of the doors and windows of the house. Contradicting that, petitioner testified that he simply pushed the door and it opened.

The court did not find petitioner credible, and did not accept petitioner's defense of ignorance or mistake as plausible. The explanation given by petitioner for being

at the wrong address and removing valuable items that had been secured was simply not reasonable. The testimony established that petitioner ignored the contract requirements that forbade salvage, and did not make any reasonable attempt to determine whether he was entering the house that he had contracted to demolish or a different house. The court noted that petitioner went upstairs, dumped out the content of bureau drawers, including personal papers, passports, Social Security numbers, and birth certificates. He sorted out things of value to him, and left the remainder lying about. He entered a cedar chest that contained furs, removing one fur, broke into a locked gun cabinet that had suffered no damage from the flood, and took power tools that had been secured by a locked chain.

Considering all of these circumstances, the court found that the Commonwealth had proved its case against petitioner beyond a reasonable doubt. At the request of counsel, sentencing was delayed for a period of 30 days, and bail was set at $25,000.

In his post verdict motion for a new trial, petitioner alleges that he lacked the specific intent necessary to commit the crime of burglary. He appropriately cites *Commonwealth v. Taylor,* 324 Pa. Super. 420, 471 A.2d 1228 (1984) that when reviewing a challenge to sufficiency of the evidence, the court must view the evidence, along with all inferences therefrom, in the light most favorable to the verdict-winner, in this case, the Commonwealth.

Burglary is defined as the act of entering or occupying a structure with intent to commit a crime therein. 18 Pa.C.S. §3502. Petitioner argues that he mistakenly went

to the wrong house, and that he did not know that there were no salvage rights. Therefore, he asserts, he did not form the requisite intent for the crime of burglary.

In *Commonwealth v. Wilamowski,* 534 Pa. 373, 633 A.2d 141 (1993), our Supreme Court found that consideration of the "totality of the circumstances" is an appropriate approach in evaluating the Commonwealth's evidence supporting the element of specific intent in the crime of burglary. *Id.* at 380, 633 A.2d at 144.

Petitioner's arguments to the contrary do not survive inspection. He claims to have entered the home, thinking it was the home to be demolished. However, petitioner testified that he did not even look at any surrounding houses for addresses. The correct house, 115 Overlook, is an odd-numbered address and therefore would have been on the other side of the road from the house petitioner entered, bearing an even-numbered address of 102. Neither would it be reasonable to conclude that the house had been abandoned, since the occupants left important personal effects behind and had locked up items such as undamaged tools and valuable guns. Considering the totality of the circumstances, the court found the evidence more than sufficient to establish, beyond a reasonable doubt, that petitioner entered the locked building with the intent to steal the personal property therein.

Petitioner also argues that if he were at the house to steal he would not have done it during daylight hours using a truck bearing his logo and telephone number. The Commonwealth counters this assertion by proposing that such actions are perfect cover for a burglary. A workman's truck, parked at a house in a flood-damaged area

during daylight hours, would be unlikely to engender suspicion.

Finally, petitioner asserts that his entry was privileged. He was, by contract, permitted to enter the house at 115 Overlook Avenue, and that is the house he mistakenly thought that he was entering. Furthermore, petitioner asserts that he did not have to break into the house to gain entry. He claims that it was not secured completely. The homeowner refutes this contention. The court did not find petitioner credible in his assertion that he had reasonably mistaken the house at 102 Overlook for the house at 115 Overlook. Petitioner admitted that he took no steps to ascertain whether he was at the right house, but based his identification solely on the observation that the house had suffered flood damage. Again the homeowner sheds doubt on petitioner's story, testifying that he had repaired any water damage that was visible from the exterior of the home.

The Superior Court opined upon sufficiency of evidence claims:

"Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. . . . We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. . . .

"In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . The Commonwealth

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Evans,* 901 A.2d 528, 532-33 (Pa. Super. 2006).

Viewing the entire record in the light most favorable to the Commonwealth, and looking at the totality of the circumstances establishes the requisite proof. Petitioner gave different versions of why he was at 102 Overlook and did not give a reasonable explanation for how he failed to ascertain whether he was at the correct house. Even if he had been at the proper house to be demolished, he should have known (because he was told beforehand) that he did not have salvage rights. Petitioner sorted through the premises and took multiple items of value that had been secured by the homeowner from a locked house. The evidence is sufficient to establish petitioner's intent as well as the other elements of the crime of burglary.

Petitioner also claims that he is eligible for relief under the PCRA, alleging that he was afforded ineffective assistance of counsel.

A PCRA court, considering an ineffectiveness claim, is guided by a three-pronged standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984) and adopted by our Pennsylvania Supreme Court in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Pursuant to

*Strickland,* a defendant must establish that: (1) the underlying claim is of arguable merit; (2) counsel's challenged acts or omissions did not have a reasonable strategic or tactical basis; and, (3) the defendant suffered actual prejudice as a result of counsel's conduct. *Strickland,* 466 U.S. at 687.

It should first be noted that petitioner's memorandum in support of post-trial motions addresses only one of his three claims of ineffective assistance: trial counsel's failure to call additional witnesses. Therefore, the other two claims are waived.

Even if not waived, the two claims are without merit.

In the first claim, petitioner alleged that trial counsel was ineffective because he had petitioner testify to his earlier conviction for a crimen falsi offense. To meet the second prong of *Strickland, supra,* petitioner bears the burden of establishing that his trial counsel had no reasonable strategic basis for his or her action or inaction. *Commonwealth v. Jones,* 324 Pa. Super. 359, 471 A.2d 879 (1984). Trial counsel testified at the evidentiary hearing that the Commonwealth had indicated that it was prepared to call petitioner's former probation officer to testify that petitioner had been convicted of felony theft in 2001. Trial counsel also testified that he had discussed with petitioner his Fifth Amendment right not to testify in his own defense, but petitioner decided to take the stand anyway. Given that the Commonwealth would likely make the conviction known, the strategy to volunteer that information in direct examination is certainly reasonable.

Petitioner's second claim of ineffectiveness faults counsel for not objecting to questions by the Commonwealth and the court regarding the person who was present with petitioner during the burglary. The police corporal had testified at trial that petitioner refused to disclose the identity of the person. Both the prosecutor and the court asked petitioner if he did not think that the testimony of the person with him would help his case.

In establishing the reasonable basis and arguable merit prong of the *Strickland* test, trial counsel's error or omission must have "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place". *Commonwealth v. Hawkins,* 894 A.2d 716, 722 (Pa. Super. 2006). Neither petitioner nor PCRA counsel articulated any theory for how trial counsel's failure to object to these questions would have prejudiced the fact-finder from arriving at the proper verdict.

The only claim of ineffectiveness that was not waived was whether counsel was ineffective for failing to call certain witnesses to testify. Petitioner alleges that Ron West (petitioner's employee who was present at the burglary), Joseph Bush (Director of Public Works for Bucks County), Bruce Jones (possesses knowledge of demolition practices), and Bob White (Director of the Redevelopment Authority) should have been called to testify.

At the PCRA hearing, trial counsel testified that petitioner had not told him about Joseph Bush or Bruce Jones.[8] Neither did he think that Bob White was ever

---

8. Joseph Bush testified at the PCRA hearing that petitioner had completed over 100 jobs for the county without a single problem. He

specifically mentioned to him by petitioner. Counsel cannot be ineffective for not calling witnesses that he or she does not know about. *Commonwealth v. Horton,* 434 Pa. Super. 478, 644 A.2d 181 (1994). Furthermore, the testimony that Jones and White would have given about the nature of petitioner's demolition business would have been cumulative, and therefore would not have affected the outcome of the trial. Petitioner has not established how his case was prejudiced by the absence of these potential witnesses.

With respect to trial counsel's failure to call Ron West, trial counsel testified that he did intend to call West, and twice instructed petitioner to have West present. Nevertheless, West failed to appear both times. West was present at the PCRA hearing, but soon after PCRA counsel began questioning him, West exercised his Fifth Amendment right against self-incrimination and left the witness stand without presenting any substantive testimony that would have helped petitioner's case. Further diluting the potential value of West's testimony is the fact that West also has a criminal history including a conviction for theft.

Had West testified, he purportedly would have confirmed that petitioner had committed the acts with which he was charged, but would have asserted that it was by mistake.

Petitioner does not articulate why trial counsel could not have had a strategic basis for not calling West. West was a crimen falsi witness whose testimony would have

---

also confirmed that people sometimes leave personal belongings in a home that is to be demolished.

merely been duplicative of petitioner's. As an employee of petitioner, he would be expected to support his employer, and this would further weaken the value of his testimony. This presents a reasonable strategic basis for not using West as a witness.

Petitioner has not even demonstrated that West was actually available, given that he exercised his Fifth Amendment rights at the PCRA hearing and gave no useful testimony.

Finally, petitioner has not shown how he suffered prejudice by the absence of West's testimony. Counsel cannot be held ineffective for not calling a witness who would not have changed the outcome of the trial, and whose availability was questionable. *Commonwealth v. Horton, supra.*

For the aforementioned reasons, petitioner's post verdict motion is denied and his PCRA petition is dismissed as follows:

## ORDER

And now, November 5, 2007, upon consideration of the post verdict motion pursuant to Pa.R.Crim.P. 720(b) and the petition under the Post Conviction Relief Act (PCRA), the parties' memoranda of law, and after hearing, it is hereby ordered and decreed that said post verdict motion is denied and dismissed and the petition under the PCRA is also denied and dismissed.