J. S07040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2808 EDA 2016 |
| | : | |
| CHARLES RALSTON | : | |

Appeal from the Order, August 3, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0008279-2012,
CP-51-CR-0008280-2012

BEFORE: BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED APRIL 18, 2018**

The Commonwealth appeals[1] from the August 3, 2016 order quashing the consolidated attempted burglary charges filed against appellee, Charles Ralston.[2] After careful review, we vacate the order and remand for further proceedings.

The trial court summarized the relevant facts of this case as follows:

> On November 11, 2011, complainant Monica Robinson left her home at 1521 N. 20th Street around 5[:]30 [p.m.] and returned around 8:00 [p.m.] Sometime after her return she noticed that the first floor, rear window of her house was broken. She did not see or hear anyone and no

---

[1] The Commonwealth has certified, pursuant to Pa.R.A.P. 311(d), that the trial court's August 3, 2016 order will terminate or substantially handicap the prosecution.

[2] The record reflects that appellee has not filed a brief in this matter.

entry was made into the house, nor was there anything missing. After finding the broken window, the complainant called the police. Police Officer Crespo responded and assisted a fingerprint technician in recovering fingerprints from the outside, lower part of the broken double pane window; not the inside pane. No fingerprints were recovered from the glass on the ground. The Commonwealth marked and moved the fingerprint report matching the fingerprints recovered to [a]ppellee.

Five days later, on November 16, 2011, at 6:30 [a.m.], someone rang the complainant's doorbell. Her dog started to bark and she checked the peephole but did not see anybody. She returned to her bedroom in the back of the house when the sensor light went off in her open, non-fenced-in yard. At that point the complainant saw a man jiggling her doorknob. She then opened her window and yelled at him, he quickly looked up and ran away. The complainant identified [a]ppellee as this man in court. The window was not replaced at this point. Complainant had bars placed on the window area until it could be replaced. On January 18, 2012, two months after the incidents, based on the fingerprints recovered from the November 11, 2016 incident, Detective Anderson of the Philadelphia Police Department, compiled a photo array containing the photo of [a]ppellee. Complainant identified [a]ppellee as the person she observed outside of her door on November 16, 2011, the date of the second incident.

Trial court opinion, 7/31/17 at 1-2 (citations to notes of testimony omitted).

Appellee was arrested in connection with this incident and charged with criminal attempt – burglary, criminal attempt – criminal trespass, and criminal mischief.[3] On July 13, 2012, appellee appeared for a preliminary

---

[3] 18 Pa.C.S.A. §§ 901 (3503(a)(1) and 3502(a)) and 3304(a), respectively.

hearing before the Honorable James M. DeLeon and was held for court on all charges. Following multiple continuances, appellee filed a motion to quash/petition for writ of *habeas corpus* on July 30, 2016. On August 2, 2016, a hearing was held before the Honorable Roxanne E. Covington. Thereafter, on August 3, 2016, the trial court entered an order granting appellee's motion, in part, and quashing the consolidated attempted burglary charges. The Commonwealth filed a timely appeal on August 31, 2016. Although not ordered to do so, the Commonwealth filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b) that same day. The trial court filed its Pa.R.A.P. 1925(a) opinion on July 31, 2017.

The Commonwealth argues that the trial court erred in granting appellee's motion to quash the consolidated attempted burglary charges. (Commonwealth's brief at 7, 11.) In support of this contention, the Commonwealth avers that the evidence at the preliminary hearing, when "[p]roperly viewed in the light most favorable to the Commonwealth, establish[ed] [a] *prima facie* case of attempted burglary[.]" (*Id.*) We agree.

A motion to quash a criminal information is the equivalent in Philadelphia County to a pre-trial petition for a writ of *habeas corpus*. *Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa.Super. 2016) (*en banc*) (stating, "a pre-trial *habeas corpus* motion is the proper means

for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case." (citation omitted)). A motion to quash should be granted when, "examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth[,]" the Commonwealth fails to set forth a *prima facie* case of guilt. *Id.*

To establish a *prima facie* case,

> [t]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.
>
> When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard . . . does not require that the Commonwealth prove the [defendant's] guilt beyond a reasonable doubt at this stage.

*Commonwealth v. Patrick*, 933 A.2d 1043, 1045 (Pa.Super. 2007) (citations omitted), *appeal denied*, 940 A.2d 364 (Pa. 2007). Whether the Commonwealth has presented sufficient evidence to establish a *prima facie* case for a charged crime "is a question of law as to which an appellate court's review is plenary." *Commonwealth v. Karetny*, 880 A.2d 505, 513 (Pa. 2005) (citation omitted).

Here, the trial court found that "the Commonwealth has failed to present sufficient evidence to prove that [appellee] possessed the requisite intent to commit a crime inside complainant's home and thus cannot

establish a **prima facie** case of [attempted] burglary." (Trial court opinion, 7/31/17 at 5.) The trial court reasoned that "there is no **per se** assumption that [evidence of a forced entry alone] automatically gives rise to a sufficient inference of intent to commit a crime inside." (**Id.** at 4.)

In reaching this conclusion, the trial court relied on our supreme court's decision in **Commonwealth v. Wilamowski**, 633 A.2d 141 (Pa. 1993). **Wilamowski** involved a defendant who was convicted of, **inter alia**, attempted burglary after he kicked in a complainant's garage door and tore it off its hinges before simply walking away from the scene. **Id.** at 142. The **Wilamowski** court found that the evidence was insufficient to convict the defendant of attempted burglary, reasoning that the Commonwealth must establish additional evidence of specific intent to commit a crime within occupied structure "that goes beyond the mere breaking in of a door or window." **Id.** at 144. The **Wilamowski** court stated:

> Although the Commonwealth's facts prove that [the defendant] kicked at the door and tore it off of its hinges, there was no additional evidence to establish that he possessed an intent to commit a crime inside. He broke the door and apparently walked away from it without any showing that he entered the structure or attempted to enter. His path into the structure was now unobstructed, but he chose to walk away and go to the neighbor's house to ask for directions. Evidence of [the defendant's] subsequent actions in flight is also insufficient, standing alone, to lend any support to a permissible inference of intent to commit a crime inside since the flight is consistent

> with his efforts to avoid apprehension for his conduct
> of breaking down the door.

**Id.**

In **Commonwealth v. Alston**, 651 A.2d 1092 (Pa. 1994), our supreme court made the following observations about its holding in **Wilamowski**:

> In **Wilamowski**, . . . we discussed circumstantial proof of the intent element in situations involving attempted burglary. There, we found unacceptable a **per se** assumption that evidence of a forced opening into an occupied structure automatically gives rise to an inference of intent to commit a crime inside. We held that a "totality of the circumstances" approach is more appropriate when evaluating the Commonwealth's evidence supporting the intent element. We then held that more than merely breaking a door or window is required to support an inference of intent to commit a crime inside.

**Alston**, 651 A.2d at 1094 (footnote and emphasis omitted; internal quotation marks in original).

Viewing the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth, we find that the Commonwealth has set forth a **prima facie** case of attempted burglary in this matter. "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S.A. § 3502(a). "A person commits an attempt when, with intent to commit a specific crime, he does

any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). The specific intent necessary for burglary "may be proved by direct evidence or inferred from circumstantial evidence" surrounding the entry. ***Commonwealth v. Galindes***, 786 A.2d 1004, 1010 (Pa.Super. 2001) (citations omitted), ***appeal denied***, 803 A.2d 733 (Pa. 2002). Moreover, "the Commonwealth is not required to specify what crime a defendant, who is charged with burglary (or attempted burglary), was intending to commit." ***Commonwealth v. Brown***, 886 A.2d 256, 260 (Pa.Super. 2005) (citation omitted), ***appeal denied***, 902 A.2d 969 (Pa. 2006).

Instantly, we find that the evidence presented at the July 13, 2012 preliminary hearing established a ***prima facie*** case that appellee intended to both unlawfully enter complainant's residence and commit a crime therein. Specifically, Monica Robinson (hereinafter, "complainant") testified that on November 11, 2011, she returned home at approximately 8:00 p.m. and discovered that a first-floor, rear window of her home had been broken. (Notes of testimony, 7/13/12 at 4-5.) Complainant subsequently called the police following this incident, who lifted appellee's fingerprints from the "lower bottom part of the glass" of the broken window. (***Id.*** at 12-13). The evidence further established that the window in question was a double pane window and did not break all the way through. (***Id.*** at 13.) Complainant testified that she had bars put up that day until the window company could

come out and fix the damage. (*Id.* at 9-10.) Complainant further testified that although her backyard where this window is located is not fenced-in, "there's no street in [her] back yard" and it is essentially fenced-in on three sides because "[her] neighbor behind [her] has a fence." (*Id.* at 10.)

The evidence presented at the preliminary hearing further established that appellee returned to complainant's house five days later and once again attempted to gain entry. Specifically, complainant testified that at approximately 6:30 a.m. on the morning of November 16, 2011, her front doorbell rang, but she could not see anyone through the peephole. (*Id.* at 6, 8.) Complainant testified that after she returned to her second-floor bedroom, she noticed that her backyard motion-sensor lights were activated and spotted appellee looking in her lower window and jiggling the rear doorknob to her home. (*Id.*) Appellee fled after complainant screamed at him from her second-floor window. (*Id.* at 7, 9.) At the preliminary hearing, complainant identified appellee as the individual who was in her backyard on November 16, 2011, and further testified that she had never seen appellee prior to that date and never gave him permission to enter her residence. (*Id.* at 8.) Complainant later identified appellee in a police photo array. (*See* notes of testimony, 8/2/16 at 4-5.)

Additionally, we find that *Wilamowski* is distinguishable from the instant matter. In contrast to *Wilamowski*, where the defendant simply walked away from the damaged garage door "without any showing that he

. . . attempted to enter[,]" **see Wilamowski**, 633 A.2d at 142, 144, one could reasonably infer in the case **sub judice** that appellee fled the complainant's residence before entering it, not because he had no intent to enter it, but because he had been discovered by complainant attempting to gain entry. (**See** notes of testimony, 7/13/12 at 6-8.) Furthermore, unlike the isolated incident in **Wilamowski**, here appellee's combined acts of breaking a window, returning to the same home less than a week later at an early morning hour, and jiggling a rear doorknob after ringing the front doorbell to see if anyone was home were indicative of his intent to commit a crime therein.

Based on the totality of these circumstances, and examining these incidents contemporaneously, we find that the Commonwealth set forth a **prima facie** case of attempted burglary in this case. **See**, **e.g.**, **Dantzler**, 135 A.3d at 1114 (noting that, "a **prima facie** case is a low threshold of proof[.]"). Accordingly, the trial court's August 3, 2016 order quashing the consolidated attempted burglary charges was in error.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

J. S07040/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary



Date: <u>4/18/18</u>