J-A28018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES COLE | : | |
| | : | |
| Appellant | : | No. 1807 EDA 2016 |

Appeal from the Judgment of Sentence October 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008146-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 09, 2018**

James Cole appeals from the judgment of sentence entered on October 2, 2015, in the Court of Common Pleas of Philadelphia County. The trial court resolved this case by crediting the victim's testimony over Cole's. On appeal, he argues the Commonwealth presented insufficient evidence to support the convictions for burglary, 18 Pa.C.S.A. § 3502(a)(1), and aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). We affirm.

In considering claims challenging the sufficiency of the evidence, "all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence." ***Commonwealth v. Martin***, 101 A.3d 706, 718 (Pa. 2014) (citation omitted). We "must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict." ***Id***., at 729 (citation omitted). ***See also Commonwealth v. McFadden***, 156 A.3d 299, 303 (Pa. Super. 2017) ("We

must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.")

The key is what the fact finder, here the trial court, believed. For at the waiver trial the court was presented with two conflicting stories—Cole's and the victim's, Trenda Cole, his biological daughter. Cole relies in part, particularly for his argument asserting insufficient evidence to sustain the burglary conviction, on his testimony. **See**, **e.g.**, Appellant's Brief, at 12 ("Although Trenda testified that…. Appellant testified that…."); **id**., at 14 ("Appellant … testified…. [A]ppellant stated …"). After hearing the testimony from Trenda and Cole, the court stated:

> I have heard everything. … And, sir, I just don't believe a word you said. Your testimony was not credible. It was incredible. … I find she's completely credible[.] …
>
> I guess it's his testimony that's really bothering me. I didn't believe a single word that came out of your mouth. As a matter of fact -- I do this all day -- *you're the worst liar I've ever seen*. I wouldn't believe it were raining outside if you told me that.
>
> … I just don't believe anything that you say.

N.T., Waiver Trial, 7/24/15, at 68, 72 (emphasis added).

With that firmly in mind, we proceed to Trenda's version of events, which the trial court found "completely credible." This case concerns a break-in and assault that occurred on June 1, 2014, at a home previously owned by Cole's father, and Trenda Cole's grandfather, James R. Cole, Sr., who passed

away just two weeks prior. On February 1, 2013, James R. Cole, Sr., had transferred the deed to the home to Trenda's son. James R. Cole, Sr., lived in the home, with Trenda taking care of him, right up until his death. Trenda's uncle moved in after James R. Cole, Sr., passed away.

The home had two doors: a screen door and a main door. On the day in question, her uncle told her he was going away. So, before she left for work Trenda locked the screen door. Only she and her uncle had keys to the home.

After work, she stopped by to check on the home and saw the "lock … broken off the [screen] door." *Id*., at 15. She walked in and saw Cole sitting in a chair. She also noticed a hammer and screwdrivers by his feet. He then stood up and said, "This mother fucking house, you don't own anything, you only own what's yours." *Id*., at 31. From her perspective, there was no doubt who owned the home; her son owned it. She believed Cole was upset he did not have a key to what he viewed as his father's home. In any event, Trenda kept walking past him to go and call her brother, saying "nothing" to her father, to tell her brother that Cole "broke into the house." *Id*., at 17, 36-37. Cole walked towards her and said, "I'm your fucking dad," and then "pinned" her against the wall, while holding her by the throat, and hit her with the hammer. *Id*., at 37, 39, 43-44.

He hit her once on the head with the hammer and then on her arm and the back of her legs, leaving a "gash" in one, as well as bruising. *Id*., at 23.[1] The blow to her head led to "blood gushing out." *Id*., at 17. Eventually, she disarmed her father and escaped from his clutches. Cole ran off. Eventually, the police arrived. Although she suffers from sickle cell anemia, and had just sustained a beating, she initially declined the police officer's suggestion that she go to the hospital; however, the police insisted and her brother took her to the hospital.

She was still bleeding when she arrived at the hospital, so she "applied pressure" with a tissue and an ice pack and the bleeding stopped. *Id*., at 24. The hospital records indicate that by the time she was seen no "active bleeding" was noted and she "denied loss of consciousness, blurred vision, and cervical neck pain." *Id*., at 50. "Her speech was clear[,]" she had no "facial droop[,]" and "[n]o weakness." *Id*. She did not receive any stitches.

As noted, Cole only challenges the sufficiency of the evidence to sustain his convictions. We proceed to determine whether the Commonwealth presented sufficient evidence to sustain the burglary conviction. "Burglary is defined as the act of entering or occupying a structure with intent to commit a crime therein." *Commonwealth v. Magnum*, 654 A.2d 1146, 1147 (Pa. Super. 1995) (citing 18 Pa.C.S.A. § 3502).

---

[1] The Commonwealth admitted photographs of the injuries, marked as Exhibit C-1, at trial. *See* N.T., Waiver Trial, 7/24/15, at 22.

We first consider Cole's assertion that the Commonwealth failed to prove he had the required specific intent upon entering the home to commit a crime within.

The unauthorized entry into a building, by itself, does not provide an inference of an intent to commit a crime inside. *See Commonwealth v. Wilamowski*, 633 A.2d 141, 144 (Pa. 1993). Instead, a "totality of the circumstances" approach is used where "[t]he Commonwealth must establish, as part of its evidentiary burden, additional evidence that goes beyond the mere breaking in of a door or window." *Id*.

The trial court found Cole "went there and waited" for Trenda to show up. N.T., Waiver Trial, 7/24/15, at 69. In other words, he broke into the home and waited to ambush her. The trial court reached this conclusion given "the circumstances as described by the complaining witness." *Id*. This is a reasonable inference to draw from Trenda's testimony. She testified Cole immediately verbally pounced on her as soon as she walked into the home— and then grabbed her and hit her, repeatedly, with the hammer. We find the totality of the circumstances here establishes Cole's specific intent to commit a crime after he broke into the home.

To be sure, Cole's testimony stands in stark contrast to Trenda's. And in his brief, Cole, using his testimony, attempts to portray what happened as an argument between two people that sadly escalated into violence. He explains: "Given the highly emotional context of the familial property dispute,

the evidence suggests that [A]ppellant assaulted Trenda as an impulsive reaction to this fraught interchange, and not, as the trial court theorized, as part of a previously conceived plan to sit and wait for her." Appellant's Brief, at 15 (internal quotation marks and brackets omitted). The problem with this argument is that to accept it, one would have to credit Cole's testimony about the incident. Unfortunately for Cole, the trial court disbelieved him.

Next, we consider Cole's reliance on 18 Pa.C.S.A. § 3502(b)(3), which provides that "[i]t is a defense to prosecution for burglary if any of the following exists at the time of the commission of the offense: … The actor is licensed or privileged to enter."

At trial, Cole, in his testimony, tried to frame and explain away this incident as a property dispute. One where he believed he had an ownership interest in the home and a right to enter. He admitted he broke in, but did so only because he did not have a key to the screen door. And he explained that on the day of the incident he was expecting family to visit the home. But the trial court, as mentioned, did not believe his testimony. Trenda testified she had no doubt as to ownership—her son owned the property.[2] And according

---

[2] The Commonwealth admitted the deed, marked as Exhibit C-2, at trial. **See** N.T., Waiver Trial, 7/24/15, at 11.

In his brief, Cole cites to the notes of testimony from the post-sentence motions hearing to note the deed was not *recorded*. We are only interested in what happened at *trial*. **See Martin**, 101 A.3d at 718. In any event, that the deed was not recorded makes no difference in *ownership*. **See MERSCORP,**

to her, Cole had no right of access. The trial court fully credited her testimony. The Commonwealth presented sufficient evidence to refute the defense. *See Commonwealth v. Hardcastle*, 546 A.2d 1101, 1109 (Pa. 1990) ("The evidence of forced entry was also sufficient for the jury to conclude that appellant was not licensed or privileged to enter the premises.")

We next consider whether the Commonwealth presented sufficient evidence to sustain the aggravated assault conviction. We find the Commonwealth presented sufficient evidence to find Cole attempted to cause Trenda serious bodily injury.

"A person is guilty of aggravated assault if he: … attempts to cause serious bodily injury to another…." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

> "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.[A]. § 901(a). For purposes of an Aggravated Assault charge, an 'attempt' is found where an accused who possesses the required specific intent acts in a manner which constitutes a substantial

---

*Inc. v. Delaware County*, 160 A.3d 961, 966 (Pa. Cmwlth. 2017) ("[T]he failure to record a deed or mortgage is of limited consequence: Pennsylvania law recognizes an unrecorded interest in property as valid.") The record provides no evidence, and Cole makes no assertion, that he subsequently purchased the property.

step toward perpetrating a serious bodily injury upon another. An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1119 (Pa. Super. 2017) (some internal quotation marks and a citation omitted).

At trial, Cole explained he "reacted with the hammer," by hitting Trenda—"BAM"—"to get her back in balance." N.T., Waiver Trial, 7/24/15, at 59. He denied putting his hands around her throat or hitting her on her body. None of which the trial court believed. In his brief, he acknowledges he struck her, but in "areas that are not vital organs." Appellant's Brief, at 17. And Cole writes that the attack on Trenda could have been far worse—after all, he was using a hammer—but did not "avail himself of the opportunity to inflict serious bodily injury," as he stopped and "abruptly left the premises...." *Id.*, at 18.

Cole's take does not comport with the record. As we well know by now, Trenda testified Cole restrained her by holding her by the throat, and struck her in the head with the hammer, drawing blood, and continued to strike her on the left arm and on the legs, leaving a "gash" in one. The attack only stopped when she disarmed him; it was only then Cole ran off. *See id.*, at 39.

Under these circumstances, we find that the Commonwealth presented sufficient evidence to prove Cole *attempted* to cause serious bodily injury.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/9/17</u>