J-S49020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL CHRISTIAN | |
| Appellant | No. 2 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 20, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-0006755-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:　　　　　　**FILED NOVEMBER 14, 2019**

Appellant Michael Christian appeals from the November 20, 2018 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court"), following his jury convictions for burglary and criminal trespass.[1]  Upon review, we affirm.

The facts and procedural history this case are undisputed.  On September 27, 2017, Springfield Township Police Department charged Appellant with, *inter alia*, the above-mentioned crimes.[2]  The affidavit of probable cause accompanying the complaint provided in relevant part:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), and 3503(a)(1)(i).

[2] Appellant also was charged with disorderly conduct under Section 5503(a)(4) of the Crimes Code, 18 Pa.C.S.A. § 5503(a)(4).  That charge, however, was withdrawn.

On Wednesday, September 27, 2017, at 7:06 p.m., the Springfield Township Police Department received a report of a burglary interrupted at 233 Swarthmore Ave., Springfield Township. Officers Rick Christy and Scott Francis responded and spoke to Marie and Joseph Gousie, parents of the homeowners who were babysitting for their five and two year old grandchildren. Mrs. Gousie stated that she was upstairs in a bedroom when she noticed a man walk into her grandson's bedroom. When she confronted the male, he turned around and headed down the staircase. She then yelled to her husband and he confronted the male at the bottom of the stairs. When Mr. Gousie asked the subject what he wanted, the response was "a glass of water." The male was told to leave and he replied, "Yes sir." The subject left through the open garage and fled the area on his bicycle. . . . A subject, later identified as [Appellant], was stopped by officers at Swarthmore and Yale Avenues, and positively identified by Mr. Gousie.

Affidavit of Probable Cause, 9/8/17 (sic). Appellant was held for court on all charges. The case ultimately proceeded to a jury trial, at which the Commonwealth offered the testimony of Mr. Gousie, Fernando Gonzalez and Sergeant Patrick Fisher, Nether Providence Police Department. The trial court summarized the witness testimonies as follows, beginning with Mr. Gousie's:

On September 27, 2017, Mr. Gousie and his wife, Marie, were babysitting their grandchildren at 233 South Swarthmore Avenue in Springfield, Pennsylvania.

Mr. Gousie was watching television in the living room with the children, ages five and two, when he heard his wife yell to someone upstairs, "What are you doing here?" When he entered the hall to investigate, Mr. Gousie saw Appellant coming down from upstairs. Mr. Gousie asked Appellant what he was doing there. To which, Appellant responded that he wanted a drink of water. Mr. Gousie told Appellant to leave and asked his wife to call the police. He then watched Appellant leave through the garage door, get on a bicycle, and start riding away. Before getting far, Appellant was stopped by police and arrested.

Mr. Gousie explained that if Appellant had come in the house through the garage, he would have been in direct view of the kitchen, but instead Appellant went upstairs where Mrs. Gousie found him exiting one of the bedrooms. Appellant did not tell the Gousies that people were trying to kill him nor did he ask them to call 911 for him. Mr. Gousie admitted that nothing was taken from the house and no one was harmed. Appellant presumably entered the house through the garage which was unlocked.

The Commonwealth also presented the testimony of [Mr.] Gonzalez, the homeowner of 233 South Swarthmore Avenue [and Mr. Gousie's son-in-law]. Mr. Gonzalez testified that he did not give Appellant permission to enter the home. Additionally, Mr. Gonzalez explained that, when he appeared for a hearing in November of 2017, Appellant approached him and apologized explaining that people were trying to kill him so he entered the house to hide.

Finally, Sergeant [] Fisher of the Nether Providence Police Department testified on behalf of the Commonwealth. Sergeant Fisher was called to assist the Springfield Township Police with a robbery in progress at 233 South Swarthmore Avenue. Within a second or two prior to arriving at the residence, Sergeant Fisher observed a male, matching the description given by radio, riding a bike towards him. Appellant was waving his hands as if he was trying to flag the officer down. Sergeant Fisher stopped his vehicle and placed Appellant on the ground while another officer placed him under arrest. Appellant did not tell Sergeant Fisher that he was in fear of his life.

Trial Court Opinion, 1/22/19 at 1-3 (unnumbered) (internal record citations omitted). Appellant did not testify in his own defense. On October 24, 2018, at the conclusion of trial, the jury found Appellant guilty of burglary and criminal trespass. On November 20, 2018, the trial court sentenced Appellant to 54 to 108 months' imprisonment for the burglary conviction.[3] Appellant timely appealed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for our review. "Whether the evidence was sufficient to sustain the conviction for burglary where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant]

---

[3] For purposes of sentencing, the conviction for criminal trespass merged with burglary. As a result, the trial court imposed no additional penalty for criminal trespass.

entered the building with the intent to commit a crime therein?" Appellant's Brief at 5.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

"A person is guilty of burglary if he or she enters a building or occupied structure with the intent to commit a crime therein, unless he or she is licensed or privileged to enter. 18 Pa.C.S.A. § 3502(a)." *Commonwealth v. Lambert*, 795 A.2d 1010, 1015 (Pa. Super. 2002) (*en banc*), *appeal denied*, 805 A.2d 521 (Pa. 2002). In *Lambert*, we explained the jury may find the *mens rea* for burglary solely through circumstantial evidence.

> The intent to commit a crime after entry **may be inferred** from the circumstances surrounding the incident. While this intent may be inferred from actions as well as words, the actions must bear a reasonable relation to the commission of a crime. Once one has

entered a private residence by criminal means, we can infer that the person intended a criminal purpose based upon the totality of the circumstances. The Commonwealth is **not required to allege or prove** what particular crime a defendant intended to commit after his forcible entry into the private residence.

*Id.* at 1022 (citations omitted) (emphasis added).

Instantly, based upon the evidence presented at trial, viewed in a light most favorable to the Commonwealth, we agree with the trial court's conclusion that the Commonwealth proved beyond a reasonable doubt Appellant committed burglary. As the trial court explained:

> In the case *sub judice*, the testimony of the three Commonwealth witnesses, when taken as a whole and viewed in the light most favorable to the Commonwealth, was sufficient for the jury to find that Appellant had the intent to commit a crime in the residence. Appellant entered the home surreptitiously, as evidenced by the fact that neither Mr. Gousie nor his wife noticed him enter. Once inside, Appellant bypassed the kitchen directly in front of him, where he could have obtained a drink of water, and went upstairs. In doing so, Appellant presumably slipped right past Mr. Gousie and the minor children. Appellant was first seen by Mrs. Gousie when she observed him exiting one of the upstairs bedrooms. Appellant could not have obtained a glass of water in a bedroom, as was his explanation to Mr. Gousie regarding why he was in the house. Interestingly enough, Appellant then contradicted his own explanation for why he was in the residence when he told Mr. Gonzalez that he was being chased and entered the house to hide. These conflicting statements certainly affected Appellant's credibility and supported the inference that Appellant entered the residence with the intent to commit a crime. All these circumstances, taken as a whole, were sufficient for the jury to infer that Appellant entered the residence with the intent to commit a crime.

Trial Court Opinion, 1/22/19 at 4-5 (unnumbered). Accordingly, Appellant is not entitled to relief.[4]

---

[4] To the extent Appellant relies on **Commonwealth v. Wilamowski**, 633 A.2d 141 (Pa. 1993) for the proposition that he did not have an intent to commit a crime once he entered the Gousies' residence, such reliance is

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/19

---

misplaced.  In **Wilamowski**, the defendant kicked in a person's garage door and fled from the scene.  Our Supreme Court reasoned that "there was no additional evidence to establish that he possessed an intent to commit a crime inside.  He broke the door and apparently walked away from it without any showing that he entered the structure or attempted to enter."  **Id.** at 144. The Court further noted that the defendant's "path into the structure was now unobstructed, but he chose to walk away and go to the neighbor's house to ask for directions."  **Id.**  Here, Appellant not only entered the Gousies' residence, but he surreptitiously wandered all the way up to a second-floor bedroom past Mr. Gousie who was watching TV with his two grandchildren when Mrs. Gousie discovered him.  As noted above, Appellant's explanation for being in the house changed from wanting a glass of water to hiding out in the house because people allegedly were trying to kill him.